KELLY A. JOHNSON
Acting Assistant Attorney General

JEAN E. WILLIAMS, Chief
SETH M. BARSKY, Assistant Chief
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
KRISTEN BYRNES FLOOM, Trial Attorney (DC Bar No. 469615)
P.O. Box 7369
Washington, D.C.  20044-7369
Telephone: (202) 305-0210
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

GREGORY PAGE, Trial Attorney (DC Bar No. 398121)
U.S. Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 305-0446
Facsimile: (202) 305-0506
Gregory.Page@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, et al. | ) ) ) | Civ. No. 05-1392 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |
| CARLOS M. GUTIERREZ, et al., | ) ) | |
| Defendants. | ) | |

-1-

Defendants U.S. Department of Commerce; Carlos M. Gutierrez, Secretary, U.S. Department of Commerce; Conrad C. Lautenbacher, Jr., Administrator, National Oceanic and Atmospheric Administration ("NOAA"); William T. Hogarth, Assistant Administrator for Fisheries, NOAA; and the National Marine Fisheries Service ("NMFS") (collectively "federal defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the claims and allegations made by the Humane Society of the United States, Will Anderson, and Sharon Young:

1. The allegations contained in the first sentence of paragraph 1 constitute plaintiffs' characterization of their lawsuit, to which no response is required. The allegations contained in the second and third sentences of paragraph 1 are denied.

2. The allegations contained in paragraph 2 are denied.

3. The allegations contained in paragraph 3 are denied.

**Jurisdiction and Venue**

4. The allegations contained in paragraph 4 constitute legal conclusions, to which no response is required.

5. The allegations contained in paragraph 5 constitute legal conclusions, to which no response is required.

**Parties**

6. Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 6, and on that basis deny the same.

7. Federal defendants have insufficient knowledge or information to form a belief

as to the truth or falsity of the allegations in paragraph 7, and on that basis deny the same.

8.  The allegations contained in paragraph 8 are denied.

9.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 9, and on that basis deny the same.  Federal defendants deny the allegations in the second sentence of paragraph 9.

10.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 10, and on that basis deny the same.

11.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 11, and on that basis deny the same.

12.  NOAA denies the allegations in the first sentence of paragraph 12.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 12, and on that basis deny the same.

13.  NOAA denies the allegations in the first and third sentences of paragraph 13. Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 13, and on that basis deny the same.

14.  Federal defendants have insufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in paragraph 14, and on that basis deny the same.

15.   Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 15, and on that basis deny the same.

16.   Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 16, and on that basis deny the same.

17.   NOAA denies the allegations in the first sentence of paragraph 17.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the second and third sentences of paragraph 11, and on that basis deny the same.

18.   NOAA denies the allegations in the first and third sentences of paragraph 18. Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 18, and on that basis deny the same.

19.   The allegations contained in paragraph 19 are admitted.

20.   The allegations contained in paragraph 20 are admitted.

21.   The allegations contained in paragraph 21 are admitted.

22.   The allegations contained in paragraph 22 are admitted.

23.   The allegations contained in paragraph 23 are admitted.

24. Paragraph 24 requires no response.

## RELEVANT STATUTES AND FACTS GIVING RISE TO PLAINTIFFS' CLAIMS FOR RELIEF

I.     **The Statutory and Regulatory Scheme**

A.     **The Marine Mammal Protection Act and Implementing Regulations**

25. Paragraph 25 purports to characterize or construe a federal statute and its legislative history; however, the full text of this statute and the legislative history speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 25 are inconsistent with these authorities, those allegations are denied.

26. Paragraph 26 purports to characterize or construe a federal statute; however, the full text of this statute speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 26 are inconsistent with this authority, those allegations are denied.

27. Paragraph 27 purports to characterize or construe a federal statute; however, the full text of this statute speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 27 are inconsistent with this authority, those allegations are denied.

28. Paragraph 28 purports to characterize or construe a federal statute; however, the full text of this statute speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 28 are inconsistent with this authority, those allegations are denied.

29.  Paragraph 29 purports to characterize or construe a federal statute; however, the full text of this statute speaks for itself and is the best evidence of its contents.  To the extent that the allegations in paragraph 29 are inconsistent with this authority, those allegations are denied.

30.  Paragraph 30 purports to characterize or construe a federal statute; however, the full text of this statute speaks for itself and is the best evidence of its contents.  To the extent that the allegations in paragraph 30 are inconsistent with this authority, those allegations are denied.

31.  Paragraph 31 purports to characterize or construe a federal statute; however, the full text of this statute speaks for itself and is the best evidence of its contents.  To the extent that the allegations in paragraph 31 are inconsistent with this authority, those allegations are denied.

32.  Paragraph 32 purports to characterize or construe a federal statute; however, the full text of this statute speaks for itself and is the best evidence of its contents.  To the extent that the allegations in paragraph 32 are inconsistent with this authority, those allegations are denied.

33.  Paragraph 33 purports to characterize or construe federal regulations; however, the full text of the regulations speaks for itself and is the best evidence of its contents.  To the extent that the allegations in paragraph 33 are inconsistent with these authorities, those allegations are denied.

34.  Paragraph 34 purports to characterize or construe federal regulations;

however, the full text of the regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 34 are inconsistent with these authorities, those allegations are denied.

35. Paragraph 35 purports to characterize or construe a federal statute and federal regulations; however, the full text of this statute and these regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 35 are inconsistent with these authorities, those allegations are denied.

**B.     The Endangered Species Act and Implementing Regulations**

36. Paragraph 36 purports to characterize or construe a federal statute; however, the full text of this statute speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 36 are inconsistent with this authority, those allegations are denied.

37. Paragraph 37 purports to characterize or construe a federal statute and <u>Federal Register</u> notices; however, the full text of this statute and these notices speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 37 are inconsistent with these authorities, those allegations are denied.

38. Paragraph 38 purports to characterize or construe a federal statute; however, the full text of this statute speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 38 are inconsistent with this authority, those allegations are denied.

39. Paragraph 39 purports to characterize or construe federal regulations;

however, the full text of the regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 39 are inconsistent with these authorities, those allegations are denied.

40. Paragraph 40 purports to characterize or construe federal regulations; however, the full text of the regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 40 are inconsistent with these authorities, those allegations are denied.

41. Paragraph 41 purports to characterize or construe federal regulations; however, the full text of the regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 41 are inconsistent with these authorities, those allegations are denied.

42. Paragraph 42 purports to characterize or construe a federal statute; however, the full text of the statute speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 42 are inconsistent with this authority, those allegations are denied.

43. Paragraph 43 purports to characterize or construe federal regulations; however, the full text of the regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 43 are inconsistent with these authorities, those allegations are denied. In further response to the allegations in the second sentence of paragraph 43, federal defendants incorporate by reference their responses to paragraphs 25-35.

44. Paragraph 44 purports to characterize or construe federal regulations; however, the full text of the regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 44 are inconsistent with these authorities, those allegations are denied.

**C.    The National Environmental Policy Act and Implementing Regulations**

45. Paragraph 45 purports to characterize or construe a federal statute and federal regulations; however, the full text of this statute and these regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 45 are inconsistent with these authorities, those allegations are denied.

46. Because the allegations in the second sentence are legal conclusions, they require no response. The remaining allegations in paragraph 46 purport to characterize or construe federal regulations; however, the full text of these regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 46 are inconsistent with these regulations, those allegations are denied.

47. Because the allegations in paragraph 47 are legal conclusions, they require no response.

48. Paragraph 48 purports to characterize or construe federal regulations; however, the full text of these regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 48 are inconsistent with these regulations, those allegations are denied.

49. Paragraph 49 purports to characterize or construe a federal statute and federal

regulations; however, the full text of this statute and these regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 49 are inconsistent with these authorities, those allegations are denied.

50. NOAA denies the allegations in the second sentence. The remaining allegations in paragraph 50 purport to characterize or construe federal regulations; however, the full text of these regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 50 are inconsistent with these regulations, those allegations are denied.

51. Paragraph 51 purports to characterize or construe federal regulations; however, the full text of these regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 51 are inconsistent with these regulations, those allegations are denied.

52. Paragraph 52 purports to characterize or construe federal regulations; however, the full text of these regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 52 are inconsistent with these regulations, those allegations are denied.

53. Paragraph 53 purports to characterize or construe federal regulations; however, the full text of these regulations speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 53 are inconsistent with these regulations, those allegations are denied.

II.    **Facts**

54.  The allegations in paragraph 54 are admitted.

55.  Federal defendants admit the allegations in the first, second, fourth, and sixth sentences of paragraph 55.  Federal defendants deny the allegations in the third sentence, and aver that males do not maintain a harem.  Federal defendants deny the allegations in the fifth sentence, and aver that females' perinatal fast may be less than nine days. Federal defendants deny the allegations in the fifth sentence, and aver that weaning is believed to occur within a year, but some pups may remain with their mother for over a year, and females usually give birth to a single pup, although twinning has been documented.

56.  The allegations in paragraph 56 are admitted.

57.  Federal defendants admit the allegations in the first and second sentences of paragraph 57.  Federal defendants deny the allegations in the third sentence, and aver that inadequate nutrition <u>may</u> lead to reproductive failure and increased mortality in sea lions, but this has not been conclusively demonstrated in the wild population.  Further, because of plaintiffs' failure to provide a precise definition for the phrase "behavioral modification," NOAA has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the third sentence, and on that basis denies the same. With respect to the allegations in the fourth sentence, Federal defendants admit that competition with fisheries is one hypothesis for the cause of the Steller sea lion decline, but deny that it is the "prevailing theory."

58. Federal defendants admit the allegations in the first sentence of paragraph 58. Federal defendants deny the allegations in the second sentence, and aver that neither the MMPA nor the ESA require the permitting agency to demonstrate that permitted research "will not harm the animals in any way." To the extent the allegations in the second sentence characterize or construe federal statutes, the full text of those statutes speaks for itself and is the best evidence of its contents. To the extent that the allegations in the second sentence paragraph 58 are inconsistent with these authorities, those allegations are denied.

59. Federal defendants deny the allegations in the first sentence of paragraph 59, and aver that research has been conducted on Steller sea lions since before the population decline of the late 1980s. With respect to the allegations in the second sentence, NOAA admits that its research funding during the 1990s was less than $1 million. Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in the second sentence of paragraph 59, and on that basis deny the same. Federal defendants admit the allegations in the third, fourth, and fifth sentences.

60. Federal defendants deny the allegations in the first sentence, and aver that NOAA received applications in 2001, 2002, 2003, 2004, and 2005 for permits to take Steller sea lions for research. Federal defendants deny the allegations in the second sentence, and aver that, in 2001 and 2002, NOAA received applications from 11 entities that did not already have permits for research on Steller sea lions, and applications for

amendments from three existing permit holders.  Federal defendants deny the allegations

in the third sentence, and aver that, of the nine entities cited by plaintiffs, only four

entities applied for a permit or amendment for research affecting Steller sea lions after

January 1, 2005, and the remaining five entities submitted their applications prior to

January 1, 2005.

61.  Federal defendants deny the allegations in the first sentence, and aver that

NMFS shares jurisdiction over marine mammals with the U.S. Fish and Wildlife Service

("FWS"), and FWS is responsible for issuance of scientific research permits for walrus,

manatees, dugongs, otters, and polar bears.  Federal defendants admit the allegations in

the second sentence.  Federal defendants deny the allegations in the third sentence, and

aver that the applications for "major amendments" received by NOAA from 2003 to 2005

extended takes on existing permits through 2008, while new permits are valid through

2010.  Federal defendants deny the allegations in the third sentence, and aver that the

subject permits are only valid within NMFS jurisdiction, which excludes foreign

countries and their territorial seas; thus, the geographic extent of the research authorized

by the permits is limited to the United States, whereas the range of Steller sea lions

extends into Russia and Japan.

62.  NOAA denies the allegations in the second sentence.  Federal defendants deny

the remaining allegations in paragraph 62, except that NOAA determined in a final

environmental assessment ("EA") and corresponding finding of no significant impact

("FONSI") that it would not prepare an environmental impact statement ("EIS") because

the challenged research permits would not have significant environmental impacts.

63. The allegations in paragraph 63 purport to characterize or construe documents or other writings in the administrative record, including those conveying or documenting the comments of different members of the public; however, the full text of these writings speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 63 are inconsistent with these writings, those allegations are denied.

64. Federal defendants admit the allegations in the first sentence of paragraph 64. The remaining allegations in paragraph 64 purport to characterize or construe the preliminary comments of the MMC; however, the full text of those comments speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 63 are inconsistent with those comments, those allegations are denied.

65. Federal defendants admit that NMFS issued a biological opinion ("BiOp") and EA for Steller sea lion research permits on May 24, 2005. Federal defendants deny the remaining allegations in paragraph 65.

66. The allegations in Paragraph 66 purport to characterize or construe the BiOp for the research permits; however, the full text of the BiOp speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 66 are inconsistent with the BiOp, those allegations are denied.

67. Paragraph 67 is denied. Federal defendants also aver that extensive simulation modeling has established that keeping human-caused Steller sea lion mortality at or below a potential biological removal ("PBR") rate with a recovery factor of 0.1 would increase

their recovery time by no more than 10 percent. Thus, the PBR rate applicable to the challenged permits would reserve 90 percent of the Steller sea lion's annual net production for its recovery and allow no more than 10 percent of its annual net production to be authorized for taking incidental to human activities.

68. Federal defendants admit that NMFS issued a FONSI on May 24, 2005. Federal defendants deny the remaining allegations in paragraph 68.

69. The allegations in paragraph 69 are admitted.

70. The allegations in paragraph 70 purport to characterize or construe the final comments of the MMC; however, the full text of those comments speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 70 are inconsistent with those comments, those allegations are denied.

71. The allegations in paragraph 71 are admitted.

72. The allegations in paragraph 72 purport to characterize or construe a letter in the administrative record; however, the full text of that letter speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 72 are inconsistent with that writing, those allegations are denied. Federal defendants aver that NMFS has not suspended the subject permits, and the research permitted thereunder has moved forward.

73. Federal defendants deny the allegations in paragraph 73, and aver that research has and will occur not only in the Gulf of Alaska, but throughout the range of Steller sea lions in the United States, including California, Washington, Oregon, and

Alaska.

74.  Federal defendants deny the allegations in the first and second sentences of paragraph 74.  With respect to the allegations in the third sentence, Federal defendants admit that the annual mortality resulting from research activities may, in combination with other human-caused sources of mortality, exceed the PBR for the species, but deny that the impact to the species is per se significant and potentially irreversible.

75.  The allegations in paragraph 75 are denied.

76.  The allegations in the first sentence of paragraph 76 purport to characterize or construe a federal statute; however, the full text of this statute speaks for itself and is the best evidence of its contents.  To the extent that the allegations in paragraph 76 are inconsistent with this authority, those allegations are denied.  Federal defendants deny the allegations in the second sentence of paragraph 76.

77.  Federal defendants deny the allegations in the first sentence of paragraph 77.  Federal defendants admit the allegations in the second, third, and fifth sentences.  Federal defendants deny the allegations in the fourth sentence, and aver that the total number of research-related mortalities allowed under the permits is 60 per year, with not more than 18 of these in the western stock.

78.  The allegations in paragraph 78 purport to characterize or construe the EA and the MMC comments; however, the full text of these documents speaks for itself and is the best evidence of its contents.  To the extent that the allegations in paragraph 78 are inconsistent with these documents, those allegations are denied.

79. The allegations in paragraph 79 are admitted.

80. The allegations in paragraph 80 are denied.

81. The allegations in paragraph 81 are denied.

82. NOAA denies the allegations in the first and fourth sentences. Federal defendants also aver that extensive simulation modeling has established that keeping human-caused Steller sea lion mortality at or below a potential biological removal ("PBR") rate with a recovery factor of 0.1 would increase their recovery time of by no more than 10 percent. Thus, the PBR rate applicable to the challenged permits would reserve 90 percent of the Steller sea lion's annual net production for its recovery and allow no more than 10 percent of its annual net production to be authorized for taking incidental to human activities. Because the remaining allegations in paragraph 82 are legal conclusions, they require no response.

83. The allegations in Paragraph 83 purport to characterize or construe the BiOp for the research permits; however, the full text of the BiOp speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 83 are inconsistent with the BiOp, those allegations are denied.

84. The allegations in the first and third sentences of paragraph 84 purport to characterize or construe the BiOp for the research permits; however, the full text of the BiOp speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 84 are inconsistent with the BiOp, those allegations are denied. Federal defendants deny the allegations in the second sentence.

85. The allegations in Paragraph 85 are denied.

86. NOAA denies the allegations in the first sentence. Because of plaintiffs' failure to provide precise definitions for the phrases "approved new takes" and "current levels of approved takes," federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the second sentence, and on that basis deny the same. Further, federal defendants aver that, in its EA, NOAA both analyzed and documented (a) the federal permits for which Steller sea lion mortality was an authorized incident of approved scientific research and (2) Steller sea lion mortality incidental to commercial fishing. The remaining allegations in paragraph 86 purport to characterize or construe the EA; however, the full text of the EA and its administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 86 are inconsistent with these documents, those allegations are denied.

87. Paragraph 87 purports to characterize or construe the EA; however, the full text of the EA and its administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 87 are inconsistent with these documents, those allegations are denied.

88. The allegations in paragraph 88 are denied.

89. Federal defendants deny that any of the permits authorize placement of pups or adults in captivity. Federal defendants admit the remaining allegations in paragraph 89.

90.  The allegations in the first, second, third, and fourth sentences of paragraph 90 purport to characterize or construe the EA; however, the full text of the EA speaks for itself and is the best evidence of its contents.  To the extent that the allegations in the first, second, third, and fourth sentences of paragraph 90 are inconsistent with this document, those allegations are denied.  Federal defendants admit the allegations in the fifth sentence of paragraph 90.  With respect to the allegations in the sixth sentence, federal defendants admit that sea lions may be restrained in a squeeze cage during hot-branding, and that the procedure may be performed without anesthesia.  However, because of plaintiffs' failure to provide a precise definition for the phrase "very painful," federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in the sixth sentence, and on that basis deny the same.

91.  The allegations in the first, second, third and fourth sentences of paragraph 91 purport to characterize or construe the EA and the MMC comments; however, the full text of these documents speaks for itself and is the best evidence of its contents.  To the extent that the allegations in paragraph 91 are inconsistent with these documents, those allegations are denied.  With respect to the allegations in the first sentence, federal defendants deny that NMFS acted capriciously.  Federal defendants deny the allegations in the fifth sentence of paragraph 91.

92.  Because of plaintiffs' failure to provide a precise definition for the phrase "less painful methods," NOAA has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first sentence, and on that basis denies the

same. With respect to the allegations in the second sentence, federal defendants admit

that the cited procedures are performed on hundreds of animals each year. However,

NOAA has insufficient knowledge or information to form a belief as to the truth or falsity

of the allegation in the second sentence that the procedures are performed on the same

animals on a repeated basis each year, and on that basis denies the same.

93. The allegations in paragraph 93 are admitted.

94. The allegations in paragraph 94 are denied.

95. Federal defendants deny the allegations in the first sentence of paragraph 95.

With respect to the allegations in the second sentence which purport to characterize or

construe federal regulations, the full text of the regulations speaks for itself and is the best

evidence of its contents. To the extent that the allegations in paragraph 95 are

inconsistent with these authorities, those allegations are denied. The remaining

allegations in the second sentence are denied.

96. The allegations in the first sentence of paragraph 96 purport to characterize or

construe the MMC comments; however, the full text of this document speaks for itself

and is the best evidence of its contents. To the extent that the allegations in paragraph 96

are inconsistent with this document, those allegations are denied. With respect to the

allegations in the second sentence which purport to characterize or construe the MMPA,

the full text of that statute speaks for itself and is the best evidence of its contents. To the

extent that the allegations in paragraph 96 are inconsistent with the statute, those

allegations are denied. Federal defendants deny the remaining allegations in the second

sentence.

97.  The allegations in the first and third sentences of paragraph 97 are denied.
Because of plaintiffs' failure to provide a precise definition for the phrase "general
distress," NOAA has insufficient knowledge or information to form a belief as to the truth
or falsity of the allegations in the second sentence, and on that basis denies the same.

98.  Federal defendants deny the allegations in the first and fourth sentences of
paragraph 98.  The allegations in the second sentence purport to characterize or construe
the EA; however, the full text of the EA speaks for itself and is the best evidence of its
contents.  To the extent that the allegations in paragraph 98 are inconsistent with this
document, those allegations are denied.  Federal defendants admit the allegations in the
third sentence of paragraph 98.

99.  The allegations in paragraph 99 are denied.

100.  Because the allegations in the first sentence are legal conclusions, they
require no response.  The remaining allegations in paragraph 100 purport to characterize
or construe NEPA's purposes; however, the full text of this statute and its legislative
history speaks for itself and is the best evidence of its contents.  To the extent that the
allegations in paragraph 100 are inconsistent with these authorities, those allegations are
denied.

101.  Paragraph 101 purports to characterize or construe the EA; however, the full
text of the EA and its administrative record speaks for itself and is the best evidence of its
contents.  To the extent that the allegations in paragraph 101 are inconsistent with these

documents, those allegations are denied.

102. Paragraph 102 purports to characterize or construe the EA; however, the full text of the EA and its administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 102 are inconsistent with these documents, those allegations are denied.

103. Paragraph 103 purports to characterize or construe the EA; however, the full text of the EA and its administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 103 are inconsistent with these documents, those allegations are denied.

104. Paragraph 104 purports to characterize or construe the EA; however, the full text of the EA and its administrative record speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 104 are inconsistent with these documents, those allegations are denied.

105. The allegations in paragraph 105 are denied.

106. The allegations in the second and third sentences purport to characterize or construe the EA; however, the full text of the EA and its administrative record speaks for itself and is the best evidence of its contents. To the extent that these allegations are inconsistent with these documents, those allegations are denied. NOAA denies the remaining allegations in paragraph 106.

107. The allegations in paragraph 107 are denied.

108. Because of plaintiffs' failure to provide a precise definition for the phrase

"strong concerns," NOAA has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first sentence, and on that basis denies the same. Federal defendants deny the remaining allegations in paragraph 108.

109. The allegations in paragraph 109 are denied.

## PLAINTIFFS' CLAIMS FOR RELIEF

### Claim One – MMPA

110. Paragraph 110 requires no response, but federal defendants incorporate their responses to all previous paragraphs by reference.

111. Because the allegations in paragraph 111 are legal conclusions, they require no response. To the extent a response is required, the allegations in paragraph 111 are denied.

112. Because the allegations in paragraph 112 are legal conclusions, they require no response. To the extent a response is required, the allegations in paragraph 112 are denied.

113. Because the allegations in paragraph 113 are legal conclusions, they require no response. To the extent a response is required, the allegations in paragraph 113 are denied.

114. Because the allegations in paragraph 114 are legal conclusions, they require no response. To the extent a response is required, the allegations in paragraph 114 are denied.

115. Because the allegations in paragraph 115 are legal conclusions, they require

no response.  To the extent a response is required, the allegations in paragraph 115 are denied.

116.  Because the allegations in paragraph 116 are legal conclusions, they require no response.  To the extent a response is required, the allegations in paragraph 116 are denied.

## Claim Two – NEPA (EIS)

117.  Paragraph 117 requires no response, but federal defendants incorporate their responses to all previous paragraphs by reference.

118.  Because the allegations in paragraph 118 are legal conclusions, they require no response.  To the extent a response is required, the allegations in paragraph 118 are denied.

119.  Because the allegations in paragraph 119 are legal conclusions, they require no response.  To the extent a response is required, the allegations in paragraph 119 are denied.

120.  Because the allegations in paragraph 120 are legal conclusions, they require no response.  To the extent a response is required, the allegations in paragraph 120 are denied.

## Claim Three – NEPA (Alternatives)

121.  Paragraph 121 requires no response, but federal defendants incorporate their responses to all previous paragraphs by reference.

122.  Because the allegations in paragraph 122 are legal conclusions, they require

no response.  To the extent a response is required, the allegations in paragraph 122 are denied.

123.  Because the allegations in paragraph 123 are legal conclusions, they require no response.  To the extent a response is required, the allegations in paragraph 123 are denied.

## Claim Four – NEPA (Cumulative Impacts)

124.  Paragraph 124 requires no response, but federal defendants incorporate their responses to all previous paragraphs by reference.

125.  Because the allegations in paragraph 125 are legal conclusions, they require no response.  To the extent a response is required, the allegations in paragraph 125 are denied.

126.  Because the allegations in paragraph 126 are legal conclusions, they require no response.  To the extent a response is required, the allegations in paragraph 126 are denied.

## Claim Five – APA (Biological Opinion)

127.  Paragraph 127 requires no response, but federal defendants incorporate their responses to all previous paragraphs by reference.

128.  The allegations in paragraph 128 are denied.

129.  Because the allegations in paragraph 129 are legal conclusions, they require no response.  To the extent a response is required, the allegations in paragraph 129 are denied.

**Claim Six – ESA**

130.  Paragraph 130 requires no response, but federal defendants incorporate their responses to all previous paragraphs by reference.

131.  Because the allegations in paragraph 131 are legal conclusions, they require no response.  To the extent a response is required, the allegations in paragraph 131 are denied.

132.  Because the allegations in paragraph 132 are legal conclusions, they require no response.  To the extent a response is required, the allegations in paragraph 132 are denied.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of plaintiffs' request for relief, to which no response is required.  To the extent a response is required, federal defendants deny that plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

## GENERAL DENIAL

Federal defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## DEFENSES

1.     The Court lacks subject matter jurisdiction over some or all of plaintiffs' claims.

2.     Some or all of plaintiffs' claims may be barred by applicable statutes of limitations.

Respectfully submitted this 3rd day of October, 2005.

KELLY A. JOHNSON
Acting Assistant Attorney General

JEAN E. WILLIAMS, Chief
SETH M. BARSKY, Assistant Chief
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section

/s/ Kristen Byrnes Floom
KRISTEN BYRNES FLOOM, Trial Attorney
(DC Bar No. 469615)
P.O. Box 7369
Washington, D.C.  20044-7369
Telephone: (202) 305-0210
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

GREGORY PAGE, Trial Attorney
(DC Bar No. 398121)
U.S. Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 305-0446
Facsimile: (202) 305-0506
Gregory.Page@usdoj.gov

Of Counsel:
Mary O'Brien
NOAA Office of General Counsel for Fisheries
1315 East-West Highway
SSMC3 - Room 15111
Silver Spring, MD  20910

*Attorneys for Defendants*