IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, et al., ) ) ) | |
| ) Plaintiffs, ) ) | Civ. No. 05-1392 (ESH) |
| vs. ) ) | **REQUEST FOR JUDICIAL NOTICE** |
| DEPARTMENT OF COMMERCE, et al., ) ) | |
| Defendants. ) | |

REQUEST FOR JUDICIAL NOTICE

**I.  INTRODUCTION**

Plaintiffs respectfully request that the Court take judicial notice of Exhibits 1 through 9 to the Declaration of James Barrett ("Barrett Declaration").  The nine documents, which are publicly available, each meet the standard for judicial notice.

**II.  LEGAL STANDARD**

Rule 201(b) of the Federal Rules of Evidence permits a district court to take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Under Rule 201(d), a district court must take judicial notice "if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).  "Judicial notice may be taken at any stage of the proceeding."  Fed. R. Evid. 201(f).

**III.  DESCRIPTION OF DOCUMENTS AND GROUNDS FOR JUDICIAL NOTICE**

   **a.  Judicial Notice of Public Notices**

Plaintiffs request that this Court take judicial notice of a publication made by the Defendants in the Federal Register. On December 28, 2005, Defendants published a notice announcing their intention to prepare an Environmental Impact Statement (EIS) evaluating the impacts of scientific research on Steller sea lions and fur seals. 70 Fed. Reg. 76,780. The notice, as a governmental publication, contain facts "not subject to reasonable dispute." *See Paravanno v. Babbitt*, 861 F. Supp. 914, 926 (N.D. Cal. 1994), *aff'd*, 70 F.3d 539 (9th Cir. 1995) (holding Federal Register notices subject to judicial notice). As such, the Court should take judicial notice of Exhibit 4 to the Barrett Declaration, 70 Fed. Reg. 76,780 (Dec. 28, 2005).

### b. Judicial Notice of Federal Agency Publications and Letters

Plaintiffs request that this Court take judicial notice of three letters written by federal government agencies. The first is a letter from William T. Hogarth, Assistant Administrator of the National Marine Fisheries Service, to David J. Hayes of Latham & Watkins LLP, dated June 27, 2005. Exhibit 3 to the Barrett Declaration. Plaintiffs request that this Court take judicial notice of the contents of the letter, which reflects NMFS' after-the-fact concerns about the issuance of the scientific research permits at issue in this case, and its after-the-fact decision to prepare an EIS to evaluate those permits.

The other two letters are from David Cottingham, Executive Director, Marine Mammal Commission, to Steve Leathery, Chief, Permits Division, National Marine Fisheries Service. Exhibit 1 and Exhibit 2 to the Barrett Declaration. These two Cottingham letters contain comments of the Marine Mammal Commission ("MMC") on NMFS' proposed permit issuance. The first Cottingham letter, dated May 19, 2005, reflects the MMC's preliminary comments on the 2005 permit applications. Exhibit 1 to the Barrett Declaration. Plaintiffs request that the Court take judicial notice of the content of the letter as factual evidence that NMFS pressed

MMC to expedite its comments on the proposed permit issuance. The second Cottingham letter, dated June 10, 2005, reflects the MMC's final comments on the 2005 permit applications. Exhibit 2 to the Barrett Declaration. Plaintiffs request that the Court take judicial notice of the content of the letter as factual evidence of the MMC's advisory comments on the proposed issuance of the permits.

These three letters are all records of government agencies, and their contents are uncontroverted. Additionally, all three letters contain factual information "not subject to reasonable dispute." Fed. R. Evid. 201(b). Plaintiffs therefore request that the Court take judicial notice of the content of these letters.

Additionally, Plaintiffs request the Court to take judicial notice of the U.S. Fish and Wildlife Service and National Marine Fisheries Service *Final ESA Section 7 Consultation Handbook* (1998) ("Consultation Handbook"), attached as Exhibit 9 to the Barrett Declaration. The Consultation Handbook was produced by the U.S. Fish and Wildlife Service and the National Marine Fisheries Service, and is available on the website of the U.S. Fish and Wildlife Service. The Consultation Handbook, which describes various procedures for compliance with Section 7 of the Endangered Species Act, 16 U.S.C. § 1536, is an official government publication, and Plaintiffs request that this Court take judicial notice of the guidance contained therein. *See Scales v. George Washington University*, No. 89-0796-LFO, 1993 U.S. Dist. LEXIS 10692, at *22 (D.D.C. July 27, 1993) (holding that official government publications are subject to judicial notice).

    **c.  Judicial Notice Of Scientific Publications and Studies**

Courts may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). In this light, courts have taken judicial notice of scientific publications, including both scientific theories and governmental scientific studies. *See Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 593 n.11, 113 S.Ct. 2786, 125 L. Ed. 2d 469 (1993) (holding that scientific laws are subject to judicial notice under Rule 201); *In re Agent Orange Prod. Liab. Litig.*, 611 F. Supp. 1223, 1240 (E.D.N.Y. 1985); *aff'd,* 818 F.2d 187 (2d Cir. 1987) (holding that federal, state and foreign government studies are subject to judicial notice).

Plaintiffs request that the Court take judicial notice of (1) Andrew J. Read, *Report to ASCOBANS, Potential Mitigation Measures for Reducing the By-catches of Small Cetaceans in ASCOBANS Waters,* (Dec. 27, 2000), attached as Exhibit 5 to the Barrett Declaration, and (2) The Fund for Animals, *Petition to List the Gray Whale under the ESA: Part III* (March 28, 2001), attached as Exhibit 7 to the Barrett Declaration. Both of these documents are technical reports that contain scientific information regarding Potential Biological Removal ("PBR") levels, a topic germane to the issues presented in this case.

Additionally, Plaintiffs request that the Court take judicial notice of a newspaper article titled *Experts unravel mystery of blue whale's death*, written by Mark Johnson, and published in SouthCoast Today on December 6, 1998, attached as Exhibit 6 to the Barrett Declaration. This article also discusses the PBR level, a scientific principle relevant to this case.

Finally, Plaintiffs request that the Court take judicial notice of a technical memorandum issued by the National Oceanic and Atmospheric Administration ("NOAA") titled *Alaska Marine Mammal Stock Assessments,* 2003, NOAA Technical Memorandum, NMFS AFSC-144 (August 2004), attached as Exhibit 8 to the Barrett Declaration. Courts may take judicial notice

4

of scientific studies published by the government. *See In re Agent Orange Prod. Liab. Litig.*, 611 F. Supp. at 1240. This memorandum is a scientific survey published by NOAA, obtained from the National Marine Fisheries Service website, containing data regarding the number of Steller sea lion deaths caused by subsistence hunting by Alaskan Natives. Plaintiffs request that the Court take judicial notice of this document because the data contained within this governmental survey is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

## IV. CONCLUSION

Plaintiffs respectfully request that the Court take judicial notice of the aforementioned documents to enable the court to provide meaningful review of the issues raised in the Plaintiffs' Motion for Summary Judgment.

DATED: January 6, 2006                    Respectfully submitted,


/s/ James R. Barrett
LATHAM & WATKINS
JAMES R. BARRETT (DC Bar No. 441674)
DAVID J. HAYES (DC Bar No. 252130)
SARA K. ORR (DC Bar No. 493765)
555 Eleventh Street, N.W.
Washington, DC 20004
Tel: (202) 637-2200

KIMBERLY MCCORMICK
8363 Sumanee Place N.E.
Bainbridge Island, WA  98110


Counsel for Plaintiffs The Humane Society of the United States, Will Anderson and Sharon Young