## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-1392 (ESH) |
| v. | ) ) | |
| CARLOS GUTIERREZ, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

### MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Plaintiffs, The Humane Society of the United States, Will Anderson and Sharon Young ("Plaintiffs"), respectfully move this Court to supplement the Administrative Record in this case with the following documents:

1. Letter from Dr. William T. Hogarth, Assistant Administrator, National Marine Fisheries Service to David J. Hayes, Latham and Watkins LLP, dated June 27, 2005 (hereinafter referred to as the "Hogarth Letter" and attached hereto as Exhibit 1).

2. Letter from David Cottingham, Executive Director, Marine Mammal Commission to Steven Leathery, Chief, Permits Division, National Marine Fisheries Service, reflecting the Marine Mammal Commission's preliminary comments on the 2005 permit applications, dated May 19, 2005 (hereinafter referred to as "MMC Preliminary Comments" and attached hereto as Exhibit 2).

3. Letter from David Cottingham, Executive Director, Marine Mammal Commission, to Steve Leathery, Chief, Permits Division, National Marine Fisheries Service, reflecting the Marine Mammal Commission's final comments on the 2005 permit applications, dated June 10, 2005 (hereinafter referred to as "MMC Final Comments" and attached hereto as Exhibit 3).

The reasons supporting this motion are set forth in the accompanying memorandum of points and authorities. Pursuant to Rule 7(f), Plaintiffs respectfully request oral argument before the Court on this matter.

DATED:    February 17, 2006                    Respectfully Submitted,

/s/ James R. Barrett
LATHAM & WATKINS LLP
DAVID J. HAYES (DC Bar No. 252130)
JAMES R. BARRETT(DC Bar No. 441674)
SARA K. ORR (DC Bar No. 493765)
555 Eleventh Street, N.W.
Suite 1000
Washington, D.C. 20004-1304
(202) 637-2200

KIMBERLY MCCORMICK
8363 Sumanee Place N.E.
Bainbridge Island, WA  98110

Counsel for Plaintiffs The Humane Society of the United States, Will Anderson and Sharon Young

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE HUMANE SOCIETY OF THE ) <br> UNITED STATES, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CARLOS GUTIERREZ, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | Civ. No. 05-1392 (ESH) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Plaintiffs respectfully move this Court to supplement the Administrative Record in this case with the following documents:

1. Letter from Dr. William T. Hogarth, Assistant Administrator, National Marine Fisheries Service, to David J. Hayes, Latham and Watkins LLP, dated June 27, 2005 (hereinafter referred to as the "Hogarth Letter" and attached hereto as Exhibit 1).

2. Letter from David Cottingham, Executive Director, Marine Mammal Commission to Steven Leathery, Chief, Permits Division, National Marine Fisheries Service, reflecting the Marine Mammal Commission's preliminary comments on the 2005 permit applications, dated May 19, 2005 (hereinafter referred to as "MMC Preliminary Comments" and attached hereto as Exhibit 2).

3. Letter from David Cottingham, Executive Director, Marine Mammal Commission, to Steve Leathery, Chief, Permits Division, National Marine Fisheries Service, reflecting the Marine Mammal Commission's final comments on the 2005 permit applications, dated June 10, 2005 (hereinafter referred to as "MMC Final Comments" and attached hereto as Exhibit 3) .

Plaintiffs The Humane Society of the United States ("HSUS"), Mr. Will Anderson, and Ms. Sharon Young filed this suit because the National Marine Fisheries Service ("NMFS") failed, among other things, to prepare an Environmental Impact Statement ("EIS") as it was

DC\838484.1

required to do under the National Environmental Policy Act ("NEPA") prior to issuing multiple scientific permits that authorize intrusive research activities on endangered and threatened Steller sea lions, including lethal take. Each of the proffered documents is relevant evidence for judicial review of that decision because:

- The Hogarth Letter informs the Court that Defendants conceded in June 2005 that an EIS was warranted to evaluate the impacts of their actions on Steller sea lions

- The MMC Preliminary and Final Comments – both of which were before NMFS decisionmakers when at least some of the permits were issued – inform the Court that NMFS ignored both its statutory obligation to consider the comments of the Marine Mammal Commission ("MMC") and the substance of those comments, which concluded that Defendants' proposed actions warranted an EIS, in making its decision to issue the permits

It is not surprising that Defendants do not want the Court to consider these documents, notwithstanding that each one is an official, agency-generated document, prepared in connection with this contested decision. Defendants contend an EIS is not warranted and that the Administrative Record they submitted supports that position. The Hogarth Letter serves to point out the substantial contradiction in their argument, and the MMC comments, issued by the agency tasked by Congress to act as watchdog over the issuance of scientific research permits, telegraph MMC's serious concerns with Defendants' decision to issue the permits without first performing an EIS.

## I. BACKGROUND

### A. The Hogarth Letter

On May 17, 2005, Mr. Hayes, representing Plaintiffs, sent a letter to Dr. Hogarth, NMFS Assistant Administrator, explaining HSUS' concerns regarding NMFS' intention to issue the Steller sea lion research permits without first preparing an EIS. Defendants included that letter as part of the Administrative Record. *See* AR-402. Mr. Hayes also requested a meeting with Dr. Hogarth to discuss the issues mentioned in the HSUS' letter. *Id.* at 3.

Mr. Hayes and Dr. Hogarth met on May 25, 2005, and Dr. Hogarth subsequently sent a letter to Mr. Hayes dated June 27, 2005 (the Hogarth Letter). In that letter, Dr. Hogarth stated both that NMFS shared Plaintiffs' NEPA concerns and that NMFS had decided to conduct an EIS – to be issued in September 2007 – on the effects of the research on Steller sea lions. *See* Exhibit 1.

### B. The Marine Mammal Commission Comment Letters

On May 19, 2005, NMFS received preliminary comments on its Environmental Assessment ("EA") from the MMC, an independent agency created to provide impartial oversight of marine mammal conservation policies and programs implemented by federal regulatory agencies. *See* Exhibit 2. NMFS is required to consult with the MMC before issuing permits under the Marine Mammal Protection Act, 16 U.S.C. § 1361, which provides the MMC with a mandatory 45-day comment period. 50 C.F.R. § 216.33(d)(2). The MMC received copies of the permit applications from NMFS on April 22, 2005. *See* Exhibit 2 at 1. The MMC Preliminary Comments protested issuance of the permits and contended that an EIS was required. *Id.* at 5. The MMC Preliminary Comments further requested that NMFS delay its final decisions on permit issuance until the MMC submitted its final comments. *Id.* at 1.

3

Without waiting to receive the MMC Final Comments, NMFS purported to complete its review under NEPA and the Endangered Species Act ("ESA") on May 24, 2005, AR-406, AR-404, AR-407, and issued the first permit on or about May 27, 2005. Answer ¶ 69. The MMC Final Comments were submitted to NMFS on June 10, 2005, and reiterated that NMFS should perform an EIS before issuing the permits. *See* Exhibit 3. Even after receiving the MMC Final Comments, NMFS disregarded them and issued further permits on or about June 16, 2005. AR-113; Defendants' Answer to Plaintiffs' Amended Complaint at ¶ 71.

## III. EACH OF THE PROFFERED DOCUMENTS SHOULD BE CONSIDERED BY THIS COURT AS PART OF ITS JUDICIAL REVIEW OF THIS CASE

### A. Standard and Scope of Review

Under the Administrative Procedure Act ("APA"), courts "shall" set aside an agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (D). A reviewing court "must consider whether the decision was based on a consideration of the relevant factors." *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 378 (1989) (*quoting Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 420, 91 S.Ct. 814, 823-26, 28 L.Ed.2d 136 (1971)). Generally, as noted in *Citizens to Preserve Overton Park, Inc.*, 401 U.S. at 420, and *Camp v.* Pitts, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973), judicial review of administrative proceedings is limited to review of the administrative record.

The D.C. Circuit has recognized several well-established exceptions to limiting judicial review to the submitted administrative record, most notably including "when the agency failed to consider factors which are relevant to its final decision"; "when an agency considered evidence which it failed to include in the record"; "in cases where evidence arising after the agency action shows whether the decision was correct or not"; and "in cases arising under the National

4

Environmental Policy Act." *See Delano v. Roche*, 391 F.Supp.2d 79, 88 (D.D.C. 2005) (*quoting Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Circ. 1989)); *see also Beach Communications, Inc. v. FCC*, 959 F.2d 975, 987 (D.C. Cir. 1992) (stating that the court has discretion to supplement an administrative record to clarify the issues); *Carlton v. Babbitt*, 26 F.Supp.2d 102, 106-07 (D.D.C. 1998) (permitting the introduction of extra-record declaration and exhibits after concluding that a court may consider evidence that is not included in the administrative record). Moreover, it is "particularly . . . appropriate to resort to extra-record information to enable judicial review to become effective" in situations where the procedural validity of an agency's decision is questioned. *See Esch*, 876 F.2d at 991.

In reviewing an agency's decision not to conduct an EIS under NEPA, the reviewing court must evaluate, among other things, (i) whether the agency accurately identified the relevant environmental factors, (ii) whether the agency took a "hard look" at the factors, and (iii) whether the agency made a convincing case of no significant impact. *See S. Utah Wilderness Alliance v. Norton*, 237 F.Supp.2d 48, 52 (D.D.C. 2002); *Grand Canyon Trust v. FAA*, 290 F.3d 339, 340-41 (D.C. Cir. 2002). As Plaintiffs' Motion for Summary Judgment demonstrates, NMFS in this case failed its statutory obligations; it *did not* base its decision to issue the research permits without conducting an EIS on a consideration of the relevant factors and it thus failed to take the requisite hard look at the environmental impacts.

Supplemental evidence also may have been created after the original agency action. In *Esch*, the D.C. Circuit explicitly contemplated and approved supplementing the record with evidence "arising" subsequent to the agency action. *Esch*, 876 F.2d at 991. Additionally, where the adequacy of an EIS is challenged under NEPA, "[a]llegations that an impact statement fails to consider serious environmental consequences or realistic alternatives raise issues sufficiently

5

important to warrant introduction of *new* evidence in the District Court." *Izaak Walton League of Am. v. Marsh*, 655 F.2d 346, 369 n.56 (D.C. Cir. 1981) (emphasis added).

Finally, Plaintiffs' position is consistent with other NEPA cases where courts have reasoned:

> Allegations that an [environmental analysis] has neglected to mention serious environmental consequences, failed to adequately discuss some reasonable alternative, or otherwise 'swept stubborn problems or serious criticisms . . . under the rug' *raise issues sufficiently important to permit the introduction of new evidence in the district court . . . ,* both in challenges to the sufficiency of an environmental impact statement and in suits attacking an agency determination that no such statement is necessary.

*County of Suffolk v. Sec'y of Interior*, 562 F.2d 1368, 1384-85 (2d. Cir. 1977) (emphasis added) (citation and footnote omitted), *cited approvingly in Izaak Walton League of Am.*, 655 F.2d at 369 n.56. This Court therefore has a great deal of flexibility to supplement the Administrative Record in this case.

### B. The Court Should Supplement the Administrative Record With the Hogarth Letter

Like the supplemental testimony properly admitted and "introduced for the first time" in the *County of Suffolk* case, the Hogarth Letter provides this Court with probative evidence showing "that the agency's research or analysis was clearly inadequate" regarding the environmental factors relevant to issuing its research permits. *See County of Suffolk*, 562 F.2d at 1385. The document contains a written admission that an EIS is needed and establishes the greatest possible omission of relevant factors by NMFS in the NEPA process – the failure to prepare an EIS where an EIS is required.

The Hogarth Letter fits squarely within several of the well-established exceptions to the general rule regarding judicial review of the submitted Administrative Record. Dr. Hogarth was (and is) a senior NMFS administrator who admitted in the letter that his agency shared HSUS' concerns and consequently was planning to prepare an EIS to evaluate the impacts of scientific

6

research activities on Steller sea lions. *See* Exhibit 1. Although Defendants belatedly attempt to portray Dr. Hogarth's admission as a mere notification of the agency's intent to review its entire research permit program for NEPA compliance,[1] this new characterization is disingenuous in the extreme – it flatly ignores that Dr. Hogarth wrote the letter as a direct response to the earlier Hayes letter wherein Plaintiffs point out, *inter alia*, both that the research permits should not be issued without conducting an EIS, and that to do so would be a violation of NEPA. *See generally* AR-402. Those are the concerns (which are reflected in the Administrative Record, *see* AR-402) to which Dr. Hogarth responded in his letter -- i.e., they are the specific "concerns over the scope of research" to which the Hogarth Letter refers. *See* Exhibit 1. The Hogarth Letter thus presents an overwhelmingly probative admission that NMFS' earlier decision not to conduct an EIS was erroneous.

Under controlling precedents, this letter belongs in the Administrative Record. *See Delano*, 391 F.Supp.2d at 88; *Esch*, 876 F.2d at 991. The letter tells us that an EIS is needed to understand the true impacts of the government's decision to issue the research permits, and thus by implication that NMFS did not consider all of the factors that would have been analyzed in an EIS prepared prior to its final decision. The Defendants would like us all to look the other way, but the fact is that the highest ranking NMFS official concluded in writing that an EIS should be undertaken due to "concerns over the scope of the research," and further that NMFS nonetheless allowed research activities under those permits to continue. *See* Exhibit 1. The Hogarth Letter thus qualifies as evidence under the first *Delano/Esch* exception that NMFS failed to consider factors relevant to its final decision. *See Delano*, 391 F.Supp.2d at 88; *Esch*, 876 F.2d at 991; *see also James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (requiring that the

---

[1] *See* Defs.' Mem. at 20-22.

7

administrative record be supplemented when a plaintiff shows the need for background information to determine whether an agency considered all relevant factors); *AT&T Info. Sys., Inc. v. GSA* 810 F.2d 1233, 1236 (D.C. Cir. 1987) (stating that the administrative record may be supplemented with "background information or evidence of whether all relevant factors were examined by an agency").

In short, this case challenges the propriety of NMFS' decision to issue research permits without conducting an EIS, and the Hogarth Letter is clearly probative in demonstrating the government's own view of its failure in that regard. Under this Court's well-established precedents, we respectfully submit that the Hogarth Letter easily meets the tests for admission. *See Delano*, 391 F.Supp.2d at 88; *Esch*, 876 F.2d at 991; *see also Ludwig*, 82 F.3d at 1095; *AT&T Info. Systems, Inc.*, 810 F.2d at 1236.

      C.      **The Court Should Supplement the Administrative Record With the MMC Preliminary Comments**

The MMC Preliminary Comments should already be part of the Administrative Record because Defendants have admitted that they received and considered the MMC Preliminary Comments before they decided to issue the research permits. AR-406 at 16; *see also* Defs.' Mem. at 39 (stating that the MMC provided preliminary comments to NMFS "[o]n May 19, 2005, prior to issuance of the permits").[2] Under APA Section 706, judicial review is to be conducted on the entire record that was before the agency at the time a decision was made. *Citizens to Preserve Overton Park*, 401 U.S. at 419-20. The administrative record, in turn, "consists of all documents and materials directly or indirectly considered by the agency." *Bar*

---

[2] The omission of the MMC Preliminary Comments from the Administrative Record is a textbook example of supplemental material admitted under the *Delano*/*Esch* exception where "an agency considered evidence which it failed to include in the record." *See Delano*, 391 F.Supp.2d at 88; *Esch*, 876 F.2d at 991.

8

*MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993); *see also Clairton Sportsmen's Club v. Penn Tpk. Comm'n*, 882 F.Supp. 455, 464 (W.D.Pa. 1995) ("A document need not literally pass before the eyes of the final agency decisionmaker to be considered part of the administrative record."). We are unaware of any dispute on this point.

Furthermore, the MMC Preliminary Comments, which recommended that NMFS not issue the research permits until an EIS had been completed,[3] are probative of the question of whether an EIS was warranted, and the Plaintiffs' contention "that the agency deliberately or negligently excluded documents that may have been adverse to its decision" easily satisfies an additional *Ludwig* exception requiring supplementation. *See Ludwig*, 82 F.3d at 1095.

### D. This Court Should Supplement the Administrative Record With the MMC Final Comments

The Defendants disregarded the MMC's request that it be given adequate time to discharge its statutory purpose – in this case, to provide full and complete comments on Defendants' proposal to issue the permits without first performing an EIS. 50 C.F.R. § 216.33(d)(2). While Defendants may have disregarded the MMC's request, there is very good reason for this Court not to do so. The MMC Final Comments reveal that entity's serious concerns with the Defendants' rush to approve the permit applications when there were so many unanswered questions regarding the impact of that action on the survivability of Steller sea lions.

Put bluntly, Defendants failed to comply with the law mandating that the MMC be afforded adequate time to comment,[4] and ask this Court for help in keeping the MMC Final

---

[3]   AR-406 at 16; *see also* discussion *supra* at pp.3-4.

[4]   It is undisputed that the MMC Final Comments were issued on June 10, 2005 – roughly two weeks after NMFS granted the first research permit. *See* Answer ¶ 69.

9

Comments out of the record. That fact alone should be enough to include the document in the Administrative Record.

In all events, like the Hogarth Letter, the MMC Final Comments provide important evidence that NMFS failed to consider all the relevant factors in making its research permit decision. *See Delano*, 391 F.Supp.2d at 88; *Esch*, 876 F.2d at 991. The comments make three recommendations – all of which show that NMFS' decision to issue the first permits without first preparing an EIS was wrong.[5] Simply put, the MMC Final Comments provide critical information on the question of whether the agency considered all of the relevant factors. *See Ludwig,* 82 F.3d at 1095.

The MMC Final Comments also should be added to the record under the *Delano/Esch* exception allowing for evidence that arose after the agency action and showed that the decision was incorrect. *See Delano*, 391 F.Supp.2d at 88; *Esch*, 876 F.2d at 991. Regardless of whether NMFS was required to follow the MMC recommendations, the comments are probative on the

---

[5] Regarding NMFS' finding of no significant impact under NEPA, the comments propose that NMFS either:
    (1)    provide additional explanation of its rationale for such a finding, including: a more thorough evaluation of each proposed activity and a determination of whether or not it should be permitted . . . ; a clear showing of the differences in takes of animals that would be allowed in the two alternatives being analyzed; and a realistic and thorough description and analysis of potential cumulative impacts,
    (2)    reduce the scope of those research projects that have the highest potential to result in sea lion mortalities and other adverse impacts to a level that would more clearly have no significant population-level impacts, or
    (3)    prepare an environmental impact statement on the proposed action.

*See* Exhibit 3.

question of whether NMFS incorrectly issued the permits before preparing an EIS. It is no coincidence that, approximately two weeks later, the Defendants' issued their *mea culpa* in the form of the Hogarth Letter, belatedly acknowledging the need for an EIS to study the consequences of their permit actions.

Moreover, the MMC Final Comments should be added to the Administrative Record for all of the reasons that apply to the MMC Preliminary Comments: Defendants have admitted that the MMC Final Comments were submitted to NMFS before it issued further permits on June 16, 2005. *See* Defendants' Answer to Plaintiffs' Amended Complaint at ¶ 71 (Defendants admits issuing additional permits on June 16, 2005); *see also* Exhibit 3. The MMC Final Comments therefore were before NMFS at the time it decided to issue those further permits and should be included as evidence the agency "failed to include in the record" under *Delano/Esch*. *See Delano*, 391 F.Supp.2d at 88; *Esch*, 876 F.2d at 991. The MMC Final Comments also should be included because they recommended against permit issuance and thus were adverse to NMFS' decision to issue any of the permits (including the additional ones). *See Ludwig*, 82 F.3d at 1095.

Finally, because this case arises under NEPA, all three of the proffered documents should be added to the Administrative Record under a *Delano/Esch* exception. *See Delano*, 391 F.Supp.2d at 88; *Esch*, 876 F.2d at 991.

In sum, the MMC Final Comments reflect relevant factors that NMFS failed to consider before it issued the initial permits, and in all events were part of the record that was before NMFS when it decides to issue additional permits. Only the agency's disregard for its statutory obligations has kept them from already being part of the Administrative Record. Without "looking outside the administrative record," this Court will be unable to know "what the agency

11

may have ignored" by disobeying its statutory duties regarding these comments. *See County of Suffolk*, 562 F.2d at 1384. This Motion to Supplement therefore should be granted to enable effective judicial review of important factors ignored by NMFS prior to issuing its first permit decision, but that later became part of the record before NMFS when it decided to issue further permits.

## IV.   CONCLUSION

For the above stated reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Supplement the Administrative Record.

Respectfully submitted,

Dated February 17, 2006                    /s/ James R. Barrett
                                           LATHAM &WATKINS
                                           DAVID J. HAYES (DC Bar No. 252130)
                                           JAMES R. BARRETT (DC Bar No. 441674)
                                           SARA K. ORR (DC Bar No. 493765)
                                           555 Eleventh Street, N.W.
                                           Washington, DC 20004
                                           Tel: (202) 637-2200

                                           KIMBERLY MCCORMICK
                                           8363 Sumanee Place N.E.
                                           Bainbridge Island, WA 98110


                                           Counsel for Plaintiffs The Humane Society of the
                                           United States, Will Anderson and Sharon Young

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, *et al.*, | ) ) ) |
| Plaintiffs, | ) Civ. No. 05-1392 (ESH) ) ) |
| vs. | ) ) |
| CARLOS GUTIERREZ, *et al.*, | ) ) |
| Defendants. | ) ) |
| _____ | ) |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Upon consideration of Plaintiffs Will Anderson, Sharon Young and The Humane Society of the United States' Motion to Supplement the Administrative Record and Memorandum of Point and Authorities in support thereof;

The Court here by ORDERS Defendants to supplement the Administrative Record with the following documents:

1.  Letter from Dr. William T. Hogarth, Assistant Administrator, National Marine Fisheries Service to David J. Hayes, Latham and Watkins LLP, dated June 27, 2005 (Exhibit 1),

2.  Letter from David Cottingham, Executive Director, Marine Mammal Commission to Steven Leathery, Chief, Permits Division, National Marine Fisheries Service, reflecting the Marine Mammal Commission's preliminary comments on the 2005 permit applications, dated May 19, 2005 (Exhibit 2), and

3.  Letter from David Cottingham, Executive Director, Marine Mammal Commission, to Steve Leathery, Chief, Permits Division, National Marine Fisheries Service, reflecting the Marine Mammal Commission's final comments on the 2005 permit applications, dated June 10, 2005 (Exhibit 3).

2

IT IS SO ORDERED.


Dated: _____, 2006


By:    _____

      Ellen Segal Huvelle

      Judge for the United States District Court for the District of Columbia