SUE ELLEN WOOLDRIDGE
Assistant Attorney General
JEAN E. WILLIAMS, Chief
SETH M. BARSKY, Assistant Chief
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
KRISTEN BYRNES FLOOM, Trial Attorney (DC Bar No. 469615)
P.O. Box 7369
Washington, D.C.  20044-7369
Telephone: (202) 305-0210
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov
GREGORY PAGE, Trial Attorney (DC Bar No. 398121)
U.S. Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 305-0446
Facsimile: (202) 305-0506
Gregory.Page@usdoj.gov
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, et al. | ) )  ) ) ) ) ) ) ) ) ) | Civ. No. 05-1392 |

THE HUMANE SOCIETY OF THE
UNITED STATES, et al.                                )
                                                              )
                                                              )          Civ. No. 05-1392
                         Plaintiffs,              )
                                                              )
vs.                                                        )
                                                              )
CARLOS M. GUTIERREZ, et al.,            )
                                                              )
                         Defendants.           )
_____

## FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

## I. INTRODUCTION

Plaintiffs rest their Motion to Supplement the Administrative Record and supporting memorandum ("Pl. Mem.") on fatal error: unable to show the applicability of a recognized exception to the rule limiting judicial review to the administrative record, plaintiffs urge this Court instead to admit extra-record documents because, in their opinion, they support plaintiffs' theory of the case.

This is not the law of the Supreme Court, the District of Columbia Circuit, or other circuits. Traditionally, the Administrative Procedure Act ("APA") prohibits plaintiffs from using extra-record documents to do precisely what they attempt to do here: merely disagree with a challenged agency action or its administrative record by manipulating or otherwise changing the quantum of evidence in that record. Thus, because the proffered documents merely disagree with the existing administrative record by pertaining to environmental factors or issues that the agency previously considered in the record with **different** evidence, plaintiffs' extra-record documents are inadmissible. Florida Power & Light Co. v. Lorion, 470 U.S. 729 (1985), quoting Camp v. Pitts, 411 U.S. 138, 142 (1973); Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416, 420 (1971)(record must "disclose the factors" required by federal law, not amount of evidence preferred by plaintiffs); Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps. of Engineers, 87 F.3d 1242, 1246-1247, 1247 n. 1 (11th Cir. 1996)(where agency considers "relevant factors" under NEPA or other statutes, extra-record documents prohibited); Madison v. Ludwig, 82 F.3d 1085, 1095-1096 (D.C. Cir. 1996); First National Bank & Trust v. Department of the

Treasury, 63 F.3d 894, 898 (9th Cir. 1995)(where agency previously considers the "substance" of the broad issues within which plaintiff's extra-record documents may be an unexamined part, plaintiff cannot show the "extraordinary circumstances" necessary to justify extra-record documents); National Audubon Society v. U.S. Forest Service, 46 F.3d 1437, 1447 n. 9 (9th Cir. 1992); Northwest Coalition for Alternatives to Pesticides v. Lyng, 844 F.2d 588, 590-591 (9th Cir. 1988); Animal Defense Council v. Hodel, 840 F.2d 1432, 1435-1438 (9th Cir. 1988)("Hodel")(extra-record evidence impermissible unless plaintiff meets burden of showing that agency has not "considered all relevant factors" by not analyzing **any** information about those factors; Coal. on Sensible Transp. v. Dole, 826 F.2d 60, 72 (D.C. Cir. 1987); Friends of the Earth v. Hintz, 800 F.2d 822, 829 (9th Cir. 1986); Asarco, Inc. v. U.S.E.P.A., 616 F.2d 1153, 1160 (9th Cir. 1980).

Under this traditional precedent, plaintiffs' proffered documents are inadmissible for a fundamental reason: they do not identify a single environmental factor that NMFS  must consider under the ESA, MMPA, or NEPA but did not consider previously in the administrative record.  Id.

## II.  ARGUMENT

### PLAINTIFFS CANNOT SHOW THE APPLICABILITY OF AN EXCEPTION TO THE RULE LIMITING REVIEW TO THE RECORD

NMFS cited the case law discussed above in its Combined Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Cross-Motion for Summary Judgment ("Def. Mem."), filed 27 January 2006.  Def. Mem. at 21, 21 n. 6.

Notably, plaintiffs do not distinguish or even disagree with these cases. Therefore, their case for supplementing the record fails.

Even if plaintiffs' cited cases could supersede this Supreme Court and other authority, their preferred case law reiterates that (1) plaintiffs have the burden of establishing the applicability of a recognized exception to the APA rule against extra-record documents and (2) given this burden, "supplementation of the administrative record is the exception, not the norm." Compare Environmental Def. Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981)("Costle"), Madison v. Ludwig, 82 F.3d 1085, 1095-1096 (extra-record documents inadmissible where plaintiff "fails to **demonstrate** that the record was in any respect inadequate as a basis for district court review")("Madison")(emphasis supplied), and Delano v. Roche, 391 F.Supp.2d 79, 88 (D.D.C. 2005)("Roche") with Pl. Mem. at 5,7 (citing Costle, Madison, and Roche); see also Hodel, 840 F.2d 1432, 1435-1436, 1438 (extra-record evidence must be excluded where plaintiffs have "not **demonstrated that it falls within any of the exceptions to the general rule**" limiting judicial review to the record(emphasis supplied).

Under plaintiffs' case law, their case for exceeding the record necessarily fails because they cannot meet this elementary burden of proof. Although plaintiffs refer generally to two narrow exceptions to the rule limiting judicial review to the record, they neither meet nor even address their burden of showing how and why these exceptions supposedly are applicable to this particular case.

First, plaintiffs posit that their proffered documents are admissible because they are

4

"relevant" to environmental factors that NMFS must consider under the ESA, MMPA, and NEPA. Pl. Mem. at 4-5. However, plaintiffs do not meet their burden of establishing both (1) that their extra-record evidence identifies an environmental factor that NMFS must consider under these laws and (2) that NMFS did not previously consider this factor with at least some evidence in the record. Therefore, as shown above, supra at 2-3, plaintiffs' proffered documents are inadmissible because they may not disagree with the record merely by unearthing new documents that, in plaintiffs' opinion, are better or even the best evidence.

For example, plaintiffs urge this Court to admit the Hogarth Letter (styled "Pl. Exh. 1") but do not show, as they must, that it documents an environmental factor mandated by the environmental statutes at issue that NMFS did not consider previously on the basis of evidence already in the record. Notably, plaintiffs do not and cannot (1) identify a particular environmental factor that this letter uniquely transmits and (2) show that the ESA, MMPA, or NEPA required NMFS to consider that unidentified environmental factor.

Instead, plaintiffs merely ruminate that, irrespective of the environmental factors required by these statutes, the Hogarth Letter is admissible on the independent ground that it is some type of "written admission" or, alternatively, "an overwhelmingly probative admission" that NMFS deemed the 2005 EA and FONSI unlawful. Pl. Mem. at 6-7. However, plaintiffs do not controvert NMFS's demonstration that NEPA's regulations authorize both this letter and a future programmatic EIS, either with or without the 2005 EA and FONSI. 40 C.F.R. §§ 1501.3(a), 1502.4(b); Def. Mem. at 20-22.

Further, even if the Hogarth Letter were an admission, which it is not, an admission

by itself is not a recognized exception to the rule limiting review to the record unless it also transmits or documents a discrete environmental factor that NMFS must consider under federal law but did not consider previously in the record. Therefore, under settled APA tenets, the Hogarth Letter is inadmissible. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416, 420; Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps. of Engineers, 87 F.3d 1242, 1246-1247, 1247 n. 1; Madison, 82 F.3d 1085, 1095-1096. Finally, under even plaintiffs' cited cases, the Hogarth letter was written **after** NMFS prepared the 2005 biological opinion, EA, and FONSI. Thus, it is also inadmissible because it postdates the challenged decisions and could not have been "before the agency at the time the decision was made." Compare Costle, 657 F.2d 275, 284 and Madison, 82 F.3d at 1095-1096 (quoting Costle) with Pl. Mem. at 7 (citing Madison).

Unlike the Hogarth Letter, the Marine Mammal Commission ("MMC") Preliminary Comments (styled "Pl. Exh. 2") predates the 2005 biological opinion, EA, and FONSI rather than postdating those documents. Plaintiffs theorize that NMFS determined the MMS Preliminary Comments nevertheless were **not** part of the administrative record. Pl. Mem. at 8-9. Plaintiffs are wrong. As NMFS stated in its opening brief, these comments were "**reviewed prior to issuing the permits**" by NMFS. Def. Mem. at 39 (emphasis supplied). Thus, the parties agree that the MMC Preliminary Comments are part of the administrative record. See id.

The MMC Final Comments (styled "Pl. Exh. 3") constitute other extra-record document proffered by plaintiffs. Conceding that these comments were finalized **after**

NMFS prepared the biological opinion, EA, and FONSI, plaintiffs urge this Court to admit them anyway. Once again, however, plaintiffs do not meet their elementary burden of proof, supra at 2-3, because they do not show this proffered document is germane to an environmental factor that NMFS must consider under the applicable environmental laws but did not consider previously in the administrative record. On the contrary, plaintiffs do not dispute that there is actually no material difference between the MMC Preliminary Comments, which certainly are in the administrative record, and the MMC Final Comments, which are not. See Pl. Mem. at 3-4, 8-10 (comparing the MMC's preliminary and final comments). Therefore, plaintiffs' "Exh. 3" is inadmissible. Volpe, 401 U.S. at 416, 420; Cobb's History, 87 F.3d at 1246-1247, 1247 n. 1; Madison, 82 F.3d 1085, 1095-1096.

Finally, plaintiffs urge this Court to admit extra-record documents under a second exception to the rule limiting review to the record: they claim that more documents are needed to explain the administrative record to this Court by either (1) providing necessary "background information" or (2) placing this information in the "context" necessary for "effective judicial review." Pl. Mem. at 8, 12. However, plaintiffs' proffered documents are inadmissible because they have not shown the existing record "effectively frustrates judicial review." Hodel, 840 F.2d 1432, 1435-1438.

As plaintiffs' preferred case authority points out, "background information" not in the record is inadmissible unless the Court cannot "determine whether the agency considered all of the relevant factors" without it. Madison, 82 F.3d at 1095-1096; Pl. Mem. at 7-9 (citing Madison). As shown above, plaintiffs have not met their burden of showing extra-record

7

documents are germane to an environmental factor that relevant laws require NMFS to consider, but that it did not consider previously with **different** evidence. Thus, they may not explain the record with either plaintiffs' "background facts" or plaintiffs' chosen context. Id.; see also Hodel, 840 F.2d 1432, 1435-1438.

## III.  CONCLUSION

Plaintiffs' two extra-record documents (styled plaintiffs' exhibits 1 and 3) are inadmissible for the same reason: plaintiffs have not met their burden of showing these exhibits either establish or document an environmental factor that NMFS must consider under the applicable environmental laws but did not consider previously in the administrative record.

Respectfully submitted this 6th day of March, 2006

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
JEAN E. WILLIAMS, Chief
SETH M. BARSKY, Assistant Chief
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section

KRISTEN BYRNES FLOOM, Trial Attorney (DC Bar
No. 469615)
P.O. Box 7369
Washington, D.C.  20044-7369
Telephone: (202) 305-0210
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

GREGORY DANIEL PAGE, Trial Attorney
(DC Bar No. 398121)
U.S. Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 305-0446
Facsimile: (202) 305-0506
Gregory.Page@usdoj.gov

Of Counsel:
Mary O'Brien
NOAA Office of General Counsel
for Fisheries
1315 East-West Highway
SSMC3 - Room 15111
Silver Spring, MD  20910

*Attorneys for Defendants*