**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE HUMANE SOCIETY OF THE        )
UNITED STATES, *et al.*,          )
                                  )
            Plaintiffs,           )        Civil Action No. 05-1392 (ESH)
                                  )
v.                                )
                                  )
CARLOS GUTIERREZ, *et al*.,        )
                                  )
            Defendants.           )
                                  )

**PLAINTIFFS' REPLY TO FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

**I.    INTRODUCTION**

Defendants' argument that Plaintiffs' proffered documents are inadmissible because they

do not identify any environmental factors not previously considered by NMFS is utterly wrong.

Moreover, Federal Defendants' Opposition to Plaintiffs' Motion to Supplement the

Administrative Record ("Defs.' Opp.") relies on misstated, outdated, and inapposite cases that do

not reflect the true state of the law in this Circuit regarding supplementation of an administrative

record.  As Plaintiffs correctly assert in their Motion to Supplement the Administrative Record

("Plaintiffs' Motion to Supplement"), and as further supported herein, both the Hogarth Letter[1]

and the Marine Mammal Commission ("MMC") Final Comments[2] are proper documents to be

added to the Administrative Record ("AR") for this case.

---

[1]     Exhibit 1 to Plaintiffs' Motion to Supplement.

[2]     Exhibit 3 to Plaintiffs' Motion to Supplement.

II.    **THE LAW OF THIS CIRCUIT SUPPORTS SUPPLEMENTING THE ADMINISTRATIVE RECORD WITH THE HOGARTH LETTER AND MMC FINAL COMMENTS**

Plaintiffs have never asked this Court to do anything other than what is allowed under cases decided in this Circuit[3] that are neither refuted nor distinguished by Defendants – to supplement the AR under well-established exceptions.[4]  In contrast, Defendants' interpretation and application of the law is both incomplete and incorrect.

Defendants' claim that the cases cited in Defs.' Opp, at 2-3, support their position stretches credulity.  One glaring example of Defendants' error is their citation to *Northwest Coalition for Alternatives to Pesticides v. Lyng*, 844 F.2d 588 (9th Cir. 1988)[5] – a case that includes no discussion whatsoever of administrative records or the proper means for their supplementation.  *Northwest Coalition* thus can in no way support the proposition for which it is cited by Defendants.  A second outright misquotation is found in Defendants' parenthetical following *First National Bank & Trust v. Department of the Treasury*, 63 F.3d 894, 898 (9th Cir. 1995).  Defendants' claim that "where an agency previously considers the 'substance' of the broad issues within which plaintiff's extra-record documents may be an unexamined part, plaintiffs *cannot* show the 'extraordinary circumstances' necessary to justify extra-record documents" is unmistakably wrong.  *See* Defs.' Opp. at 2-3 (emphasis added).  The decision

---

[3]    *Esch v. Yeutter*, 876 F.2d 976 (D.C. Cir. 1989); *Delano v. Roche*, 391 F. Supp. 2d 79 (D.D.C. 2005).

[4]    The exceptions identified by Plaintiffs as applicable to the proffered documents include: 1) providing evidence that the agency failed to consider factors relevant to its final decision; 2) providing evidence the agency considered but failed to include in the record; 3) providing evidence arising after the agency action showing the decision to be incorrect; and 4) providing evidence arising in a case brought under the National Environmental Policy Act ("NEPA").  *See* Plaintiffs' Motion to Supplement at 4 (*citing Delano*, 391 F. Supp. 2d at 88 (*quoting Esch*, 876 F.2d at 991)).

[5]    Cited in Defs.' Opp. at 3.

includes no language suggesting such circumstances "cannot" be met; rather, *First National Bank* at most states that, in that case, such circumstances *had not* been met, while allowing that such circumstances – in addition to any of the Ninth Circuit's separate relevant exceptions to supplementing the record under the APA – could potentially have applied. *See First Nat'l Bank*, 63 F.3d at 898. It is telling that Defendants would make such misstatements in their opening paragraphs.

Moreover, the relevant language in Defendants' cited Supreme Court cases[6] merely reinforces what Plaintiffs already have acknowledged: (1) generally speaking, judicial review of administrative proceedings is limited to review of the administrative record; and (2) in certain circumstances, courts may look beyond the record to effectuate that review. *See* Plaintiffs' Motion to Supplement at 4 (*citing Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). Contrary to Defendants' claim, no language from *Camp v. Pitts* (quoted in *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985)), or *Overton Park* explicitly declares that "documents merely disagree[ing] with the existing administrative record by pertaining to environmental factors or issues that the agency previously considered in the record with **different** evidence . . . are inadmissible." Defs.' Opp. at 2 (emphasis in original). To the extent that the Defendants' cited Supreme Court cases do discuss greater restrictions on circumstances in which courts may look beyond the administrative record for supplemental evidence, Defendants' attempt to use them to constrain this Court from supplementing this record ignores the fact that "[i]n the time since Overton Park [sic] and Camp v. Pitts, [sic] several rules and exceptions governing the scope of [judicial review of the

---

[6]    Defendants cite *Florida Power & Light Co. v. Lorion*, 470 U.S. 729 (1985) (no pinpoint cite given) (*quoting Camp v. Pitts*, 411 U.S. 138, 142 (1973)) and *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). Defs.' Opp. at 2.

administrative record in] informal agency action have emerged from subsequent decisions."

*Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981).

Subsequent exceptions of the type mentioned in *Costle*, and further enumerated in this

Circuit in cases including *Esch* and *Delano*, are the basis for analyzing, and granting, Plaintiffs'

Motion to Supplement.  Defendants, however, have ignored and/or mischaracterized many of the

recognized exceptions under which Plaintiffs have demonstrated that this Court should

supplement the AR.  Defendants incorrectly assert that Plaintiffs have moved this Court to

supplement the record under only two exceptions – evidence of relevant factors inadequately

considered by NMFS prior to its decision, and as providing necessary background information.

*See* Defs.' Opp. at 4-5, 7.  Defendants completely ignore Plaintiffs' identification of the

additional pertinent exceptions recognized in *Delano*/*Esch*:[7] "when an agency considered

evidence which it failed to include in the record" (applicable to the MMC Final Comments); "in

cases where evidence arising after the agency action shows whether the decision was correct or

not" (applicable to both documents); and "in cases arising under the National Environmental

Policy Act" (applicable to both documents).  *Esch*, 876 F.2d at 991; *Delano*, 391 F. Supp. 2d at

88.  Each of these ignored exceptions independently provides a reason under which this Court

may grant Plaintiffs' Motion to Supplement.  *See Nat'l Trust for Historic Pres. v. Blanck*, 938 F.

Supp. 908, 916 n.10 (D.D.C. 1996), *aff'd*, 203 F.3d 53 (D.C. Cir. 1999) (meeting each of the

applicable *Esch* exceptions provides one of "several reasons" allowing supplementation of the

administrative record).

Furthermore, Defendants misconstrue the law in this Circuit regarding supplementation

of the record in environmental cases where an agency has failed to consider factors relevant to its

---

[7]     *See* Plaintiffs' Motion to Supplement at 4-5.

final decision.  While Defendants again claim that supplemental evidence must identify a

specific environmental factor not previously considered in the record by NMFS to any degree, no

matter how minutely,[8] the law in this Circuit, especially in NEPA cases, is instead concerned

with whether the record contains an *adequate* discussion of relevant environmental factors.  In

*County of Suffolk v. Secretary of Interior*, 562 F.2d 1368 (2d Cir. 1977), cited approvingly in this

Circuit's *Izaak Walton League of America v. Marsh*, 655 F.2d 346, 369 n.56 (D.C. Cir. 1981),[9]

the more restrictive focus of *Camp v. Pitts* on the reviewable administrative record in non-NEPA

cases is explicitly contrasted with a court's primary function in NEPA cases "to insure that the

information available to the decision-maker includes an adequate discussion of environmental

effects and alternatives . . . which can sometimes be determined only by looking outside the

administrative record to see what the agency may have ignored." *County of Suffolk*, 562 F.2d at

1384 (citation omitted).  As the *Izaak Walton* court explained, because "[s]uits challenging

environmental impact statements seek to ensure compliance with a statute other than the APA,"

reviewing courts must ensure that the record of the agency's decision "adequately discusses

environmental effects and alternatives." *Izaak Walton*, 655 F.2d at 369 n.56.

Indeed, in NEPA cases, merely alleging that an environmental analysis neglected

"serious environmental consequence[s]," "'stubborn problems or serious criticism',," or provided

inadequate discussion of "reasonable alternative[s]" is sufficient to allow new evidence to be

introduced.  *County of Suffolk*, 562 F.2d at 1384-85; *see also Izaak Walton* 655 F.2d at 369 n.56.

Understood properly, therefore, the law in this Circuit does not require that any mention of a

factor or issue in the administrative record precludes additional evidence detailing the relevant

---

[8]      *See* Defs.' Opp. at 2-3, 5-7.

[9]      *County of Suffolk*'s discussion of supplementing the record in NEPA cases was again
cited approvingly in this District's recent case *Fund for Animals v. Williams*, 391 F. Supp. 2d
191, 199 (D.D.C. 2005).

factors an agency has admittedly ignored.  To the contrary – such evidence, in a NEPA case, should be added to what is otherwise an inadequate administrative record.  *See Esch*, 876 F.2d at 991; *Izaak Walton*, 655 F.2d at 369 n.56; *County of Suffolk*, 562 F.2d at 1384-85; *Delano*, 391 F. Supp. 2d at 88.

Critically, the cases Defendants cited from this Circuit fully support Plaintiffs' Motion to Supplement.[10]  For example, *James Madison Ltd. v. Ludwig*, 82 F.3d 1085 (D.C. Cir. 1996), includes no language stating that supplemental background evidence must offer something entirely unconsidered previously.  The *Ludwig* court in fact phrased its holding regarding supplementation of the administrative record in terms of an adequacy analysis, ultimately agreeing that supplementation was not needed in that case only because the plaintiff had not shown that the record was "in any respect inadequate."  *Id.* at 1096.  Moreover, the record in *Ludwig* did not need to be supplemented because the relevant officials in that case had created detailed reports "explaining how and why they reached their conclusions."  *Id.* at 1095.  In the current dispute over NMFS' decision, the Hogarth Letter explicitly documents NMFS' conclusion and why it was reached (i.e., that an EIS should be undertaken based on concerns documented by Plaintiffs), yet it is not presently part of the AR.

Defendants also ignore one of the *Ludwig* exceptions, cited in Plaintiffs' Motion to Supplement at 11, under which the record should be supplemented with the MMC Final

---

[10]    It is important to note that the cases cited by Defendants outside the D.C. Circuit are largely inapposite, hence Plaintiffs' focus in this reply and Plaintiffs' Motion to Supplement on D.C. Circuit case law.  All of Defendants' non-D.C. Circuit cases frame their discussion of supplementing the administrative record in the context of the exceptions under which the record may be supplemented in the Ninth Circuit.  The list of Ninth Circuit exceptions differs substantially from the exceptions recognized in the D.C. Circuit, particularly regarding NEPA cases.  *Compare Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1247 n.1 (11th Cir. 1996) (listing the only acceptable circumstances in which the Ninth Circuit allows courts to go beyond the administrative record), *with Delano*, 391 F. Supp. 2d at 88 (*quoting Esch*, 876 F.2d at 991).

Comments as evidence that was (1) before NMFS prior to its decision to issue further permits on

June 16, 2005, (2) adverse to that decision, and (3) either deliberately or negligently excluded

from the record.  *See Ludwig*, 82 F.3d at 1095.

Furthermore, Defendants erroneously claim that *Coalition on Sensible Transportation,*

*Inc. v. Dole*, 826 F.2d 60 (D.C. Cir. 1987) somehow supports the position that acceptable

supplemental evidence must be entirely different from what has already been mentioned in the

record.[11]  In the relevant section of *Coalition on Sensible Transportation*, the court simply

dismissed the plaintiff's request for a vague discovery request to supplement the record in a way

completely dissimilar to Plaintiffs' request in this case to supplement the record with official,

agency-created documents, prepared in connection with NMFS' contested decision.  *See id.* at

72.

Defendants also cited part of *Coalition on Sensible Transportation* in Federal

Defendants' Combined Memorandum in Opposition to Plaintiffs' Motion for Summary

Judgment and in Support of Cross-Motion for Summary Judgment, at 21, for the general rule

limiting review to administrative records.  However, Defendants neglected to mention that the

next sentence in that decision states that plaintiffs are "*entitled* to introduce [supplemental]

evidence tending to show significant impacts or realistic alternatives that the responsible officials

ignored."  *Id.* (emphasis added).  Under *Coalition on Sensible Transportation*, supplemental

evidence thus need only meet the low threshold of "tending to show" that the agency officials

ignored significant impacts or other alternatives; both the Hogarth Letter and the MMC Final

Comments show far more than this regarding NMFS' ignorance of numerous relevant factors.

---

[11]    *See* Defs.' Opp. at 2-3.

In sum, Plaintiffs have correctly presented – and met – the requirements in this Circuit to

supplement the administrative record in cases brought under NEPA.  Plaintiffs' Motion to

Supplement should be granted, as Defendants have both ignored various exceptions identified by

Plaintiffs as applicable to the proffered documents, and have erred in arguing that Plaintiffs have

not met the recognized exceptions for supplementing the record in the D.C. Circuit.

**III.    PLAINTIFFS' PROFFERED DOCUMENTS SHOULD BE CONSIDERED BY THIS COURT AS PART OF ITS JUDICIAL REVIEW OF THE CASE**

**A.    The Hogarth Letter Should Be Added to the Administrative Record**

The Hogarth Letter should be added to the AR for each of the reasons set forth in

Plaintiffs' Motion to Supplement: (1) as a unique admission by NMFS that it ignored numerous

relevant factors (impacts and alternatives) that should have been considered in an Environmental

Impact Statement ("EIS"), had one been conducted prior to issuing the research permits;[12] (2) as

evidence arising after an agency action, showing the decision was incorrect; and (3) under the

separate exception allowing supplementation of the administrative record in cases arising under

NEPA.[13]  *See Esch* 876 F.2d at 991; *Delano*, 291 F. Supp. 2d at 88.

The Hogarth Letter provides essential information demonstrating Defendants' own view

that NMFS failed to adequately consider each of the relevant environmental factors that would

have been studied under an EIS.  As Dr. Hogarth wrote in response to concerns expressed in the

letter from Mr. Hayes to Dr. Hogarth ("Hayes Letter"),[14] "we [i.e., NMFS] share your concerns

---

[12]    Plaintiffs' Motion to Supplement at 7.

[13]    *Id.* at 11.  *See also Fund for Animals*, 391 F. Supp. 2d at 199 (ordering the record to be supplemented in a NEPA case, stating that "[s]upplementation of the administrative record is warranted in challenges of the procedural validity of an agency's action" and "NEPA 'guarantees . . . a particular *procedure*'") (emphasis in original) (citation omitted).

[14]    Mr. Hayes wrote on behalf of Plaintiff The Humane Society of the United States ("HSUS").  AR-402 at 1.  Note that the Hayes Letter clearly explains the effects and impacts

8

over the scope of the research on Steller sea lions." *See* Exhibit 1 to Plaintiffs' Motion to

Supplement.  Only then, in the Hogarth Letter written on June 27, 2005, did NMFS admit to

having decided to prepare an EIS regarding the effects of scientific research on Steller sea lions

due to concerns expressed in the Hayes Letter.[15]   While this admission came one month *after*

NMFS had begun issuing permits,[16] it is no less relevant to determining whether NMFS acted

arbitrarily and capriciously in issuing those permits.  Simply put, the letter amounts to an

admission (or, rather, a *mea culpa)* by the agency that an EIS is warranted.  The fact that such an

admission came "after the fact" does not absolve the government of its obligation to comply with

NEPA, nor does it allow the government to hide this admission from the Court on the theory that

it "falls outside of the administrative record."  In short, the AR is incomplete and inadequate

without this admission – an admission that is an overwhelmingly probative piece of evidence

verifying that the many environmental effects and alternatives enumerated by Plaintiffs were

ignored by NMFS until *after* the agency had issued the permits challenged in this case.  *See*

*County of Suffolk*, 562 F.2d at 1384-85; *Coal. on Sensible Transp.*, 826 F.2d at 72; *Izaak Walton*,

655 F.2d at 369 n.56.

Furthermore, as stated above, this belated admission came too late for NMFS: preparing

an after-the-fact "programmatic" EIS does not "fix" NMFS' failure to do an EIS before issuing

the permits, as an after-the-fact EIS can *never* cure a NEPA procedural violation resting on

---

ignored by NMFS' decision to issue the permits in violation of NEPA and the Marine Mammal
Protection Act ("MMPA"), as well as several alternatives that NMFS disregarded.  As an
example of one such concern, the Hayes Letter points out that the impacts on the Stellar sea lions
from the permits, when combined with lethal take from native harvesting and fisheries-related
deaths, will exceed the Potential Biological Removal for the western endangered sea lions. *Id.*
This in turn "refutes NMFS's [sic] earlier finding of no significant impact," thus showing how
NMFS has ignored, *inter alia*, the relevant factor of adverse effects from cumulative impacts.
*See id.* at 1-2.

[15]      *See* Exhibit 1 to Plaintiffs' Motion to Supplement.

[16]      *See* Defendants' Answer to Plaintiffs' Amended Complaint ("Answer") at ¶ 69.

failure to review environmental impacts before taking an action (because a "reasoned decision" could not have resulted). *See* Plaintiffs' Combined Memorandum in Reply to Federal Defendants' Opposition to Plaintiffs' Motion For Summary Judgment and in Opposition to Defendants' Cross-Motion for Summary Judgment, discussion at 29-33.

Moreover, Defendants' argument that Plaintiffs' proffered supplemental evidence – particularly the Hogarth Letter – is not admissible because it does not independently transmit or document a discrete environmental factor is disingenuous. *See* Defs.' Opp. at 5-6. Plaintiffs have demonstrated that the Hayes Letter, which is part of the AR, clearly explains the environmental concerns and alternatives to which Dr. Hogarth responded in the Hogarth Letter. *See* Plaintiffs' Motion to Supplement at 6-7; *see also* AR-402. These concerns are thus the specific environmental factors that the Hogarth Letter both transmits and documents as having been ignored through Dr. Hogarth's unique admission that an EIS is to be undertaken to address what should have been addressed prior to issuing any permits.[17] We respectfully submit that "if it looks like a duck, it is a duck." The Hogarth Letter not only looks like an admission by the agency that an EIS should have been prepared, *it is an admission*. The government may be uncomfortable with Mr. Hogarth's candid and honest position on this issue, but its discomfort is not a basis for avoiding the truth. In all events, in NEPA cases, supplemental evidence may be added to the AR where, as here, it provides evidence showing impacts and alternatives that were ignored by responsible officials. *See Coal. on Sensible Transp.*, 826 F.2d at 72; *Izaak Walton*, 655 F.2d at 369 n.56; *County of Suffolk*, 562 F.2d at 1384-85.

---

[17]    Defendants incorrectly allege that Plaintiffs "do not controvert NMFS's [sic] demonstration that NEPA's regulations authorize both this letter and a future programmatic EIS, either with or without the 2005 EA and FONSI." *See* Defs.' Opp. at 5. Regardless of the grounds on which such a letter may be authorized, Plaintiffs argued in Plaintiffs' Motion to Supplement, at 7, and reaffirm here, that this particular letter by Dr. Hogarth was clearly written as a direct reply to – and concurrence with – the concerns raised in the Hayes Letter.

Defendants further err in objecting to the Hogarth Letter because it was written after the decision to issue the research permits. *See* Defs.' Opp. at 6. By merely reciting the basic definition of an administrative record, Defendants ignore the fact that supplemental evidence, postdating an agency's decision, may be added to the record if – as the Hogarth Letter does – it otherwise meets the exceptions allowed in this Circuit (especially the *Delano/Esch* exception for evidence arising after an agency action that shows the action was incorrect). *See* Plaintiffs' Motion to Supplement, discussion at 5-6.[18]

Finally, even assuming *arguendo* that the Hogarth Letter must transmit factors not previously considered "with at least some evidence in the record,"[19] the letter should still be added to the record for judicial review. As explained above, the Hogarth Letter confirms that the items mentioned in the Hayes Letter were ignored by NMFS; this unique admission verifies for the Court that NMFS did *not* adequately consider them prior to its decision to issue the permits. As stated in one of the cases cited by Defendants, "[t]he court cannot adequately discharge its duty to engage in a 'substantial inquiry' if it is required to take the agency's word that it considered all relevant matters;"[20] a court can even less adequately discharge its duty if an agency keeps out of the record an admission by one of its administrators that it did not consider all the relevant matters. The Hogarth Letter therefore properly should be added to the AR.

---

[18]    Note additionally that the *Izaak Walton* decision shows that its use of the phrase "new evidence" encompasses evidence created subsequent to the agency action at issue, as the court in that case approvingly cited *County of Suffolk*'s holding that testimony given *for the first time* at the district court level was properly admitted for judicial review of an earlier agency decision. *See Izaak Walton*, 655 F.2d at 369 n.56 (*citing County of Suffolk*, 562 F.2d at 1384-85).

[19]    Defs.' Opp. at 5.

[20]    *Asarco, Inc. v. U.S. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980). Cited in Defs.' Opp. at 3.

> **B.** **The MMC Final Comments Should Be Added to the Administrative Record**

The MMC Final Comments also should be added to the AR for each of the reasons given

in Plaintiffs' Motion to Supplement.  The MMC Final Comments consist of: (1) important

evidence that NMFS failed to consider all the relevant factors in making its research permit

decisions;[21] (2) evidence that arose after the agency's initial actions, showing that the actions

were incorrect;[22] (3) evidence that was before NMFS when it issued additional permits on June

16, 2005;[23] and (4) evidence in a case brought under NEPA.[24]  *See Esch* 876 F.2d at 991;

*Delano*, 291 F. Supp. 2d at 88.

As previously noted, Defendants ignored all but the first *Delano*/*Esch* exception.

Regarding the ignored exceptions, even if it is true that the MMC Final Comments "were

finalized **after** NMFS prepared the biological opinion, EA, and FONSI,"[25] the comments

recommended that NMFS not issue the permits without conducting an EIS; they therefore may

be added to the AR as evidence arising after an agency action that shows the action was

incorrect.  *See Esch* 876 F.2d at 991; *Delano*, 291 F. Supp. 2d at 88; *Carlton v. Babbitt*, 26 F.

Supp. 2d 102, 107 (D.D.C. 1998) (stating that supplementation of the administrative record is

appropriate when "'evidence arising after the agency action shows whether the decision was

correct or not'") (citation omitted).

Additionally, the MMC Final Comments should be admitted because Defendants have

not disputed their own admission that the comments were before NMFS prior to its decision to

---

[21]    Plaintiffs' Motion to Supplement at 10.

[22]    *Id.* at 10-11.

[23]    *Id.* at 11.

[24]    *Id.  See also Fund for Animals*, 391 F. Supp. 2d at 199.

[25]    Defs.' Opp. at 6-7 (emphasis in original).

issue additional permits on June 16, 2005.  *See* Answer at ¶ 71.  Just as was the case with the

MMC Preliminary Comments, which Defendants have agreed are part of the AR,[26] the MMC

Final Comments should be included in the AR as evidence, known to the agency and adverse to

its decision, that NMFS failed to include in the final record.  *See Esch* 876 F.2d at 991; *Ludwig*,

82 F.3d at 1095; *Fund for Animals*, 391 F. Supp. 2d at 198 (holding that proffering documents

that were (1) known to an agency at the time of its decision, (2) related to the decision, and (3)

adverse to the agency's decision makes a *prima facie* showing for supplementing the record);

*Delano*, 291 F. Supp. 2d at 88.

        Although each of the ignored exceptions above independently provides sufficient grounds

to supplement the record with the MMC Final Comments, Defendants' primary argument that

the comments do not provide a "germane . . . environmental factor that NMFS must consider

under the applicable environmental laws but did not consider previously in the administrative

record"[27] is also flawed.  Defendants' assertion ignores Plaintiffs' citation to 50 C.F.R. § 216.33,

a law requiring that the MMC provide full, complete comments to NMFS on its decision to issue

the permits without conducting an EIS.  *See* Plaintiffs' Motion to Supplement at 9.  Such an

obligation demonstrates that the MMC Final Comments, by their very statutory purpose, are

relevant and germane to NMFS' decision to issue the permits.

        Moreover, Defendants again err in arguing that the MMC Final Comments must include

evidence never before considered in the record to be admissible.  As explained in Section II of

this Reply, the proper focus for a reviewing court in a NEPA case is to determine whether the

agency has adequately discussed the relevant environmental factors.  NMFS' discussion of the

---

[26]    Defs.' Opp. at 6.  Note, however, that while both parties agree that the MMC Preliminary Comments are part of the AR, the comments themselves were not physically included as part of the submitted AR.  Hence the need for Plaintiffs' Motion to Supplement.

[27]    Defs.' Opp. at 7.

relevant impacts and alternatives cannot possibly have been adequate if it was allowed to avoid

reviewing the concerns and alternatives provided in the statutorily-mandated set of final

comments.  Given the MMC Final Comments' unequivocal recommendations against NMFS'

anticipated action, the comments surely are also relevant "serious criticism," allegations which

are sufficient to supplement the record.  *See County of Suffolk*, 562 F.2d at 1384-85.

Notwithstanding certain similarities between the MMC Preliminary Comments and

MMC Final Comments (both, for example, strongly recommend that NMFS not issue the

contested research permits),[28] there are important differences that also help to illustrate why the

AR is inadequate without the discussion of relevant factors found only in the final set of

comments.  For example, the MMC Final Comments provide the specific numbers of cumulative

accidental mortalities that are likely to occur under the research permits, finding that:

> the applicants are requesting authorization to accidentally kill up to
> 292 animals . . . including 85 animals from the western
> [endangered] population . . . .  These are direct, known mortalities.
> Additional mortalities resulting from stampede or animals that die
> after they are released . . . are not likely to be accounted for . . .
> and, as such, the actual numbers that die or are otherwise
> compromised as a result of the proposed research may be
> considerably higher.

Exhibit 3 to Plaintiffs' Motion to Supplement, at 3.  Given these mortality rates, the MMC Final

Comments offer MMC's conclusions that (1) "[e]ven if the Service caps mortality from

researchers at no more than 5 per year from the western population or 10 per year overall, the

Commission is concerned that the potential impacts of the proposed research . . . outweigh the

potential benefits of the research,"[29] and (2) "the Commission cannot determine that the

---

[28]    AR-406 at 16; Exhibit 3 to Plaintiffs' Motion to Supplement, at 2.

[29]    MMC further stated that "[w]hile we recognize that the Service has proposed a cap on the
number of accidental mortalities that can occur annually, it seems contradictory to permit a

proposed research meets the standard of the Marine Mammal Protection Act." *Id.* None of these figures or conclusions is in the MMC Preliminary Comments, and the AR is inadequate without this evidence of impacts and consequences (i.e., relevant factors) that NMFS failed to consider.

The MMC Final Comments also provide other evidence not found in the preliminary comments. First, the comments present detailed discussion of each proposed permit and its individual deficiencies. *See id.* at 9-21. More importantly, the MMC Final Comments present the numerous inadequacies found in NMFS' 2005 Environmental Assessment ("EA"). *Id.* at 22-24. Specifically, MMC found that NMFS' EA is lacking because it does not: "provide a thorough analysis of the cumulative impacts of the proposed activities;" provide an objective analysis before "summarily dismiss[ing] seemingly viable alternatives;" discuss funding and study objectives through 2004 (rather than just 2001); state clearly and quantify the number of additional takes allowed by the proposed actions, as compared to the alternative of no action; describe other marine mammals in the action area, their population status and whether they are affected by the proposed action; evaluate possible cumulative effects of permitted activities at easily accessible research sites like rookeries (which may be preferentially studied); or clearly explain the time period over which the proposed ten mortalities – which would halt the research – could occur. *Id.*

Given the extensive discussion in the MMC Final Comments – not present in the MMC Preliminary Comments – of the various environmental effects and alternatives NMFS would ignore by issuing the permits, the final comments are essential evidence of inadequately considered factors relevant to NMFS' contested decision. Because NMFS ignored the contents of those comments – notwithstanding Congress' mandate that such comments be considered

cumulative total of 85+ mortalities/year under all the permits, but then stop research if 10 mortalities occur within a given year." Exhibit 3 to Plaintiffs' Motion to Supplement, at 22.

before the final agency actions were taken – the MMC Final Comments belong in the AR. *See*

*Coal. on Sensible Transp.*, 826 F.2d at 72; *Esch* 876 F.2d at 991; *Izaak Walton*, 655 F.2d at 369

n.56; *County of Suffolk*, 562 F.2d at 1384-85; *Delano*, 291 F. Supp. 2d at 88.

## IV.    CONCLUSION

For all of the reasons set forth above and in Plaintiffs' Motion to Supplement, Plaintiffs

respectfully request that this Court grant Plaintiffs' Motion to Supplement the Administrative

Record.


Respectfully submitted,



DATED:      March 16, 2006                        Respectfully Submitted,

                                                  /s/ James R. Barrett
                                                  LATHAM & WATKINS LLP
                                                  JAMES R. BARRETT(DC Bar No. 441674)
                                                  DAVID J. HAYES (DC Bar No. 252130)
                                                  SARA K. ORR (DC Bar No. 493765)
                                                  555 Eleventh Street, N.W.
                                                  Suite 1000
                                                  Washington, D.C. 20004-1304
                                                  (202) 637-2200

                                                  KIMBERLY MCCORMICK
                                                  8363 Sumanee Place N.E.
                                                  Bainbridge Island, WA  98110

                                                  Counsel for Plaintiffs The Humane Society
                                                  of the United States, Will Anderson and
                                                  Sharon Young