**FOR SETTLEMENT DISCUSSIONS ONLY**
**CONFIDENTIAL**

## MEMORANDUM OF TERMS
## FOR SETTLEMENT OF LITIGATION

This memorandum of terms sets forth the settlement framework on which the following parties have agreed in principle to settle the case, entitled *The Humane Society of the United States, et al. v. Department of Commerce, et al.*, Civ. No. 05-1392, United States District Court for the District of Columbia (the "Litigation"): Plaintiffs The Humane Society of the United States, Sharon Young, and Will Anderson (the "Plaintiffs") and Defendants Department of Commerce, Carlos M. Guitierrez, Conrad C. Lautenbacher, Jr., William T. Hogarth, and the National Marine Fisheries Service (collectively "the Defendants"). Plaintiffs and Defendants are collectively referred to herein as "the Parties."

1. In light of certain time constraints expressed by Defendants in respect of their desire to have the National Marine Mammal Laboratory conduct non-invasive "non-pup" aerial surveys of Steller sea lion populations, the Parties have agreed to file a First Joint Motion to Amend Remedy with the Court requesting the Court to modify its May 26, 2006 order in the Litigation (the "Order") to permit the Defendants to perform such activities in a manner consistent with the joint motion and its proposed order.

2. The parties have agreed in principle to settle the Litigation on the basis of the draft terms referenced below. Any settlement will be contingent on approval from those persons within the U.S. Department of Justice and U.S. Department of Commerce with authority to enter into such settlements. The Parties agree to negotiate in good faith to attempt to reach a settlement of this litigation, and will submit any such settlement for the Court's approval on or before June 30, 2006, pursuant to a Second Joint Motion to Amend Remedy. The parties intend that the activities referenced in Paragraph 1 above will be incorporated into any overall settlement of this litigation.

3. The Parties agree and stipulate that this memorandum shall be filed with and incorporated by reference into the joint motion referenced in Paragraph 1 above.

4. The Parties agree and stipulate that any such settlement agreement would, with the Court's permission, permit the Defendants to undertake or allow the following non-invasive research activities regarding the Steller sea lions (as described by the Defendants in Attachment 1 hereto) prior to Defendants' completion of the Environmental Impact Statement referenced in the Court's Order of May 26, 2006:

    a.    no disturbance observations from land;

    b.    no disturbance operation of remote-controlled monitoring stations;

    c.    low-disturbance resights from boats;

    d.    low-disturbance aerial survey counts;

**DRAFT**

**FOR SETTLEMENT DISCUSSIONS ONLY**
**CONFIDENTIAL**

  e. low-disturbance observations from land; and

  f. low-disturbance maintenance of remote monitoring stations.

5. The Parties further agree that the Settlement Agreement will reflect the terms under which the Alaska SeaLife Center ("ASLC") may perform pre-release health assessments on four Steller sea lions presently held in captivity by ASLC.

6. Plaintiffs and Defendants each shall identify a lead technical consultant who shall function as liaison between the Parties on technical and scientific matters in connection with matters addressed by the Settlement Agreement, and who shall be authorized to communicate and cooperate in implementing the Settlement Agreement without the presence or consent of counsel.

7. The Parties agree and stipulate that the Settlement Agreement shall be contingent upon the Defendants' agreement that Plaintiffs are entitled, as prevailing party, to reasonable attorneys' fees at an amount to be negotiated.

8. Defendants agree and stipulate that, upon execution of the Settlement Agreement, Defendants shall have waived all rights of appeal in this Litigation.

9. If the Parties are unable to reach a definitive Settlement Agreement to be submitted to the Court on or before June 30, 2006, this memorandum agreement shall have no further force or effect except by mutual agreement of the Parties, and, except as modified pursuant to Paragraph 1 above, the Court's Order shall remain in full force and effect.

10. The signatories to this memorandum agreement are authorized to sign on behalf of their respective parties.


DATED: June 12, 2006

Respectfully Submitted By,


| | |
|---|---|
| /s/ James R. Barrett | SUE ELLEN WOOLDRIDGE |
| LATHAM & WATKINS LLP | JEAN E. WILLIAMS, Chief |
| JAMES R. BARRETT(DC Bar No. 441674) | SETH M. BARSKY, Assistant Chief |
| DAVID J. HAYES (DC Bar No. 252130) | U.S. Department of Justice |
| SARA K. ORR (DC Bar No. 493765) | Environment and Natural Resources |
| 555 Eleventh Street, N.W. | Division |
| Suite 1000 | Wildlife and Marine Resources Section |
| Washington, DC  20004-1304 | |
| (202) 637-2200 | |

**DRAFT**

**FOR SETTLEMENT DISCUSSIONS ONLY**
**CONFIDENTIAL**

| | |
|---|---|
| KIMBERLY MCCORMICK<br>8363 Sumanee Place N.E.<br>Bainbridge Island, WA  98110<br><br>Counsel for Plaintiffs the Humane Society of the United States, Will Anderson and Sharon Young | /s/_____<br>KRISTEN BYRNES FLOOM, Trial Attorney<br>(DC Bar No. 469615)<br>P.O. Box 7369<br>Washington, D.C.  20044-7369<br><br>Telephone: (202) 305-0210<br>Facsimile: (202) 305-0275<br><br>Kristen.Floom@usdoj.gov<br><br>GREGORY PAGE, Trial Attorney<br>(DC Bar No. 398121)<br>U.S. Department of Justice<br>Environment and Natural Resources Division<br>General Litigation Section<br>P.O. Box 663<br>Washington, D.C.  20044-0663<br>Telephone: (202) 305-0446<br>Facsimile: (202) 305-0506<br>Gregory.Page@usdoj.gov<br><br><u>Of Counsel:</u><br>Mary O'Brien<br>NOAA Office of General Counsel for Fisheries<br>1315 East-West Highway<br>SSMC3 - Room 15111<br>Silver Spring, MD  20910<br><br>*Attorneys for Defendants* |

**DRAFT**